**LOCAL UNION 59, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Plaintiff-Appellant,**

v.

**GREEN CORPORATION and Hutton Electric Company, Defendants-Appellees.**

**No. 82–1394.**

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1984.

Rehearing and Rehearing En Banc Denied March 20, 1984.

---

David R. Richards, Austin, Tex., for plaintiff-appellant.

Seay, Gwinn, Crawford, Mebus & Blakeney, Durwood D. Crawford, Dallas, Tex., for Hutton Electric.

Robert L. Meyers, Robert W. Coleman, Dallas, Tex., for Green Corp.

Before CLARK, Chief Judge, GOLDBERG and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

In this appeal we again examine the tight constraints imposed on judicial review of the decisions of arbitrators in labor disputes. The district court found the arbitration award invalid. We disagree and reverse.

### Facts

This dispute involves Local Union 59, International Brotherhood of Electrical Workers, AFL–CIO, Green Corporation, and Hutton Electric Company, as named parties, and Jimmy R. Green. Green Corporation is a Texas corporation with its principal office in Dallas, Texas. Green Corporation was incorporated on February 21, 1979 by Jimmy R. Green, its sole shareholder and director. Green Corporation performs electrical installations and general electrical work as a union contractor. Hutton Electric Company is a Texas corporation with its principal office in Dallas, Texas. Hutton Electric was incorporated on May 11, 1979 by Jimmy R. Green, its sole shareholder and director. Hutton Electric performs electrical installations and general electrical work as a nonunion contractor.

On July 19, 1979, Green Corporation and the Union signed a Letter of Assent, thereby becoming parties to a collective bargaining agreement by which Green Corporation recognized the Union as the exclusive representative of all of its employees with respect to wages and other conditions of employment. In March 1980, the Union filed a grievance against Green Corporation alleging violations of the bargaining agreement as a consequence of the operation of

Hutton Electric. The Union charged that the employees of Hutton Electric received wages and benefits below those established in the bargaining agreement. The Union further complained that Hutton Electric's employment of nonunion electricians in the Union's territorial jurisdiction reduced employment opportunities for Union members, thus adversely affecting both the Union and its members.

The Union contended that the challenged activities violated two sections of the bargaining agreement. The first is Article 3.00, Section 3.15, which provides:

The Employer recognizes the Union as the exclusive representative of all its employees performing work within the jurisdiction of the Union for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment and other conditions of employment.

The second is Article 4.00, Section 4.12, which provides in relevant part:

If and when the employer shall perform any electrical work under its own name or under the name of another, or as a corporation, company, partnership or any other business entity, including joint ventures, wherein the employer exercises any substantial degree of management, control, supervision, estimating, furnishing or loaning materials, trucks, tools and/or any other electrical equipment to another, the terms and conditions of this agreement shall be applicable to all such work.

The bargaining agreement established a Labor-Management Committee whose duties included the resolution of grievances. The Union's grievance was referred to this committee but foundered on a tie vote. The grievance was then referred to an "interim" or regional committee and again fell victim to a tie vote. The parties resorted to Article 2.00, Section 2.04(d), of the bargaining agreement which designated an arbitrator with power to make final and binding decisions:

Should the Labor-Management Committee fail to agree or to adjust any matter, such may be submitted jointly or unilaterally by the parties to this agreement to the Council on Industrial Relations for the Electrical Contracting Industry for adjudication. The Council's decisions shall be final and binding on both parties hereto.

The arbitration panel (the CIR) had to decide whether the situation involving Hutton Electric and Green Corporation abridged Article 4.00, Section 4.12, of the bargaining agreement. In the informal atmosphere of the CIR's arbitration proceeding, evidence was presented which reflected that Jimmy R. Green was the incorporator, sole shareholder and sole director of both corporations, that he solicited business for both in the same trade area and that he used his master electrician's license, as required, for both corporations.

On May 27, 1980, the arbitration panel rendered a unanimous decision which we quote in full:

After careful consideration of the evidence submitted, the Council rules as follows:

1. and 2. In the instant case Green Corporation is found in violation of Article 3.00, Section 3.15 and the third paragraph of Article 4.00, Section 4.12 of the agreement.

The CIR did not articulate any findings of fact in support of its conclusion and prescribed no remedies.

The Union thereafter filed the instant action, seeking to enforce the CIR's ruling and asking for damages and injunctive relief against Green Corporation and Hutton Electric. On December 16, 1981, the district court noted the inadequacy of the CIR's ruling and remanded it to the arbitration panel, stating:

The Court is of the opinion that the CIR's one sentence decision provides no basis on which the Court may determine whether the CIR's "reasoning is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." *Safeway Stores v. American Bakery & Confectionary Workers Local 111,* 390 F.2d 79, 82 (5th Cir.1968). Consequently, the Court believes that a proper resolution of the present dispute

requires a remand so that the CIR may state in writing the factual predicate upon which it based its determination that Green Corporation violated the labor agreement.

The CIR, responding to the district court, explained its basis and reasoning for concluding that the bargaining agreement had been violated. We quote the pertinent part:

The factual basis for the CIR finding of a violation is as follows:

1. Jimmy R. Green was the sole *shareholder* of both Green Corporation and Hutton Electric Company.

2. Jimmy R. Green was the sole *director* of both Green Corporation and Hutton Electric Company.

3. Jimmy R. Green founded and incorporated Green Corporation and Hutton Electric Corporation within a two-month period in the spring of 1979 thereby indicating a purpose of establishing and operating both union and non-union in the same market. His letter of January 18, 1980, to Mr. John Harris clearly outlined his operations in the fourth paragraph.

4. In actual operation, Jimmy R. Green was the holder of the Master Electrician's license for both Green Corporation and Hutton Electric Company. This fact was clearly documented. This fact was readily acknowledged by Jimmy R. Green. A master electrician is required by ordinance to be responsible for and supervise all electrical work performed. This clearly establishes that Jimmy R. Green exercised supervision over the operations of both organizations.

The above facts clearly established in the minds of the members of the CIR that Jimmy R. Green was in fact the employer and that Hutton Electric Company was merely the alter ego of Jimmy R. Green and Green Corporation.

The violation of Article 3.00, Section 3.15 is reasoned as follows:

(a) The employer (Jimmy R. Green) recognized the union as the exclusive representative of his employees performing work within the jurisdiction of the union.

(b) Green Corporation (Jimmy R. Green) and Hutton Electric Company (Jimmy R. Green) are performing work within the jurisdiction of the union. Jimmy R. Green was the single employer. Green Corporation (Jimmy R. Green) abides by the contract. Hutton Electric Company (Jimmy R. Green) does not abide by the contract. Therefore, Green Corporation (Jimmy R. Green) is in violation of Article 3.00, Section 3.15.

The same reasoning supports a violation of the third paragraph of Article 4.00, Section 4.12. The employer (Jimmy R. Green) agreed to perform any electrical work, under his own name or under the name of another, under the terms and conditions of the collective bargaining agreement. Green Corporation (Jimmy R. Green) complied. Hutton Electric Company (Jimmy R. Green) did not. Jimmy R. Green exercises substantial management, control and supervision of Hutton Electric Company. Therefore, a violation of the collective bargaining agreement language in Article 4.00, Section 4.12 occurred.

Having stated these findings and conclusions, the CIR underscored that no remedy had been requested and none had been suggested:

The CIR did not consider the issue of remedy since none was requested and no supporting data was submitted by the Local Union to indicate what, if any, actual damage may have resulted to the Local Union as a result of these violations. The CIR decision established from the viewpoint of the CIR that the operations carried on by Jimmy R. Green under the guise of the Green Corporation and Hutton Electric Company constitute clear and willful violations of the collective bargaining agreement. . . .

The district court considered the CIR's clarification and explanation, found the arbitrator's award to be without foundation in reason or fact and outside the essence of the labor agreement, and rejected the award.

## Analysis

■ Judicial review of arbitration is sharply circumscribed. In *Boise Cascade Corp. v. United Steelworkers of America, AFL–CIO, Local Union No. 7001*, 588 F.2d 127, 128 (5th Cir.1979), we observed:

The scope of judicial review of arbitration awards is limited. The Supreme Court's seminal decisions on this issue are the *Steelworkers Trilogy: Steelworkers v. American Manufacturing Co.*, 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; *Steelworkers v. Warrior & Gulf Navigation Co.*, 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; *Steelworkers v. Enterprise Wheel & Car Corp.*, 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424. The Court in *Enterprise Wheel* held that

The question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from him.

363 U.S. at 599, 80 S.Ct. at 1362. Similarly, the Court in *Warrior & Gulf* stated that "judicial inquiry ... must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator the power to make the award he made." 363 U.S. at 582, 80 S.Ct. at 1353.

The premise of the *Steelworkers Trilogy* is that the court should allow the parties to a collective bargaining agreement containing a binding arbitration clause to receive the benefit of the bargain—*binding* arbitration on contract disputes.

The scope of enforceable interpretation is concomitantly narrow:

To merit judicial enforcement, an award must have a basis that is at least rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement.... The requirement that the result of arbitration have "foundation in reason or fact" means that the award must, in some logical way, be derived from the wording or purpose of the contract....

*Brotherhood of Railroad Trainmen v. Central of Georgia Railway Co.*, 415 F.2d 403, 412 (5th Cir.1969); *cf. Local No. 370, Bakery, Confectionary and Tobacco Workers Intern. Union of America, AFL–CIO v. Cotton Brothers Baking Co., Inc.*, 672 F.2d 562 (5th Cir.1982).

■ In support of its conclusion that the arbitration award was without foundation in reason or fact, the district court stated:

The CIR express finding that Hutton is the alter ego of Jimmy R. Green and Green Corporation and the CIR's implicit finding that Green Corporation is the alter ego of Jimmy R. Green do not comport with the *legal* interpretation of the alter ego theory.

This finding is beyond judicial ken. The promotion of the national policy favoring the resolution of labor disputes by arbitration eliminates searching judicial review of the factual and legal accuracy of arbitrators' findings. *See e.g. Amalgamated Meat Cutters & Butchers Workmen of North America, District Local No. 540 v. Neuhoff Bros. Packers, Inc.*, 481 F.2d 817 (5th Cir. 1973); *Safeway Stores v. Bakery Workers' Local 111*, 390 F.2d 79 (5th Cir.1968); *Dallas Typographical Union v. A.H. Belo Corp.*, 372 F.2d 577 (5th Cir.1967).

■ From what it considered to be the evidence before it, the arbitration panel determined that Green Corporation, Hutton Electric and Jimmy R. Green were, *de facto*, one and the same. We refrain from commenting on the correctness or incorrectness of the arbitrator's factual findings and legal conclusions. That is not our function. Nor shall we impress the law of corporations, contracts, evidence, or other legal rules and concepts upon this situation and then measure the arbitrator's actions against them. We consider that to be inconsistent with the national arbitration policy and the many decisions limiting judicial oversight. What we might have done to resolve the factual and legal issues were we

the deciding body is of no moment. We are not the trier of fact nor the elucidator of the bargaining agreement. The arbitrator, by active choice of the parties, exclusively performs those functions.

We conclude that the arbitration award draws "its essence from the collective bargaining agreement," *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361. We look no further.

■ In an alternative holding, the district court expressed the opinion that if the arbitration award is upheld it would not be enforceable because enforcement would occasion an unfair labor practice against the employees of Hutton Electric under § 7 of the National Labor Relations Act, 29 U.S.C. § 157. We recognize that arbitration orders that result in unfair labor practices are unenforceable. *General Warehousemen & Helpers v. Standard Brands*, 579 F.2d 1282 (5th Cir.1978). But that is not the case before us. The CIR, in describing its ruling as a narrow one, precisely noted that no remedy was sought, suggested or awarded.

What the remedy may be ultimately, if indeed a remedy may be sought and secured at this late post-arbitration stage, is, in itself, a matter not for the courts but for the arbitrator to decide. *Oil, Chemical & Atomic Workers, Etc. v. Rohm & Haas, Texas Inc.*, 677 F.2d 492 (5th Cir.1982).

The judgment of the district court is REVERSED and the ruling of the arbitrator is REINSTATED.