# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11140
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

McKOOL SMITH, P.C.,

      Plaintiff - Appellee

v.

CURTIS INTERNATIONAL, LIMITED,

      Defendant - Appellant

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-cv-1685

---

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellee McKool Smith, P.C., won an arbitration award against Defendant–Appellant Curtis International, Limited, for unpaid attorney's fees related to McKool Smith's prior legal representation of Curtis in a patent litigation. McKool Smith moved to confirm its arbitration award in federal court, and Curtis filed its own counter-motion to vacate the award.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11140

The district court granted McKool Smith's motion and denied Curtis's counter-motion.  Curtis now appeals.  For the following reasons, we AFFIRM the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an attorney's fees dispute between the parties involving a separate patent litigation.  In June and July of 2013, Defendant–Appellant Curtis International, Limited (Curtis), was sued in two separate patent infringement lawsuits in the United States District Court for the Southern District of Florida.  Curtis subsequently retained the law firm of Plaintiff–Appellee McKool Smith, P.C. (McKool Smith), to represent it in the patent infringement suits.  Curtis engaged McKool Smith pursuant to a standard engagement agreement governed by Texas state law.  Included in the agreement was a provision that stated that any disputes or differences regarding McKool Smith's representation would first be referred to non-binding mediation and, if unresolved, would then be subject to binding arbitration pursuant to the Federal Arbitration Act (FAA) and the Commercial Arbitration Rules of the American Arbitration Association.

Curtis ultimately settled the patent litigation on January 14, 2014.  However, a dispute later arose between Curtis and McKool Smith regarding unpaid invoices submitted by McKool Smith for its legal services and for services provided by expert witnesses in the patent litigation.  The parties were unable to resolve the fee dispute through mediation, and McKool Smith initiated arbitration on April 30, 2014.  In its complaint for relief in arbitration, McKool Smith alleged that Curtis had breached the engagement agreement between the parties by failing to pay the invoices in a timely manner.  McKool Smith sought to recover unpaid legal fees in the amount of $1,309,992.16 and expert fees totaling $92,149.40, as well as pre- and post-award interest.  Curtis disputed McKool Smith's allegations and argued that the law firm could not

2

prove that its fees were reasonable because—according to Curtis—McKool Smith used block billing in its fee statements rather than task-based billing, failed to exercise good billing judgment, and billed for experts and work that Curtis did not authorize.

An arbitrator resolved McKool Smith's claims and issued his final award on May 13, 2015, awarding McKool Smith the full amount it requested plus interest. Addressing Curtis's objections, the arbitrator found that there was no authority that stated block billing could negatively affect an attorney's right to recover its fees on an alleged breach of contract and that task-based billing was only required in bankruptcy fee applications and in fee shifting applications.[1] Moreover, the arbitrator found that McKool Smith's billing practices were neither duplicative nor inappropriate. As to Curtis's expert fees objection, the arbitrator found that the litigation strategy desired by Curtis created certain costs, Curtis had given conflicting instructions on hiring experts, McKool Smith would have faced sanctions if it did not have an expert as part of the patent litigation, and McKool Smith still minimized its costs as per Curtis's instructions.

Following the arbitration, McKool Smith filed an application for an order confirming its arbitration award in the United States District Court for the Northern District of Texas pursuant to 9 U.S.C. §§ 9 and 13. Curtis then filed its counter-motion to vacate the arbitration award, asserting that the award was contrary to public policy, the arbitrator had exceeded his powers, and the arbitrator exhibited manifest disregard of Texas state law by allowing McKool Smith to collect for fees that were block billed and involved the use of unauthorized experts. On October 14, 2015, the district court granted McKool

---

[1] The arbitrator also noted that Curtis did not complain about McKool Smith's invoices when they were first issued and waited until the arbitration to file objections.

No. 15-11140

Smith's application and denied Curtis's counter-motion. The district court concluded that there was no ground for vacating the arbitration award. In particular, it found that Curtis's arguments that the award violated public policy and was in manifest disregard of the law rested on non-statutory grounds for vacatur that this circuit had previously foreclosed. The court also rejected Curtis's arguments that the arbitrator had exceeded his powers, holding that the arbitrator had properly interpreted the agreement and that Curtis's challenges asserted errors that the court could not review. The court thereafter entered final judgment, confirming the arbitration award. Curtis timely appealed.

## II. STANDARD OF REVIEW

"In light of the strong federal policy favoring arbitration, '[j]udicial review of an arbitration award is extraordinarily narrow.'" *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (quoting *Gulf Coast Indus. Workers Union v. Exxon Co.*, 70 F.3d 847, 850 (5th Cir. 1995)). As a result, "[w]e review a district court's confirmation of an award de novo, but the review of the underlying award is exceedingly deferential." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)). Under this review, "[a]n award may not be set aside for a mere mistake of fact or law." *Id.* (quoting *Apache*, 480 F.3d at 401). Instead, "Section 10 of the [FAA] . . . provides 'the only grounds upon which a reviewing court may vacate an arbitrative award.'" *Id.* (quoting *Brook*, 294 F.3d at 672). Section 10 of the FAA provides, among other grounds, that a district court "may make an order vacating [an arbitration] award upon the application of any party to the arbitration . . . where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

4

No. 15-11140

## III. THE ARBITRATION AWARD

On appeal, Curtis asserts two bases for vacating the arbitration award: (1) the arbitrator manifestly disregarded Texas law in granting the arbitration award and (2) the arbitration award violates Texas public policy. While we previously had recognized these as non-statutory grounds for vacatur,[2] following the Supreme Court's decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008), we held "that the [FAA's] statutory grounds are the exclusive means for vacatur under the FAA." *Citigroup Glob. Mkts., Inc., v. Bacon*, 562 F.3d 349, 355 (5th Cir. 2009); *see also id.* ("[T]o the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA."). Recognizing this point, Curtis argues that this circuit—as some circuits have[3]—should recognize manifest disregard of law and public policy as *statutory* grounds for vacating arbitration awards. In particular, Curtis argues that, if an arbitration agreement incorporates state law and an arbitrator manifestly disregards this law or violates the state's public policy, then that arbitrator has "exceeded [his] powers" within the meaning of 9 U.S.C. § 10(a)(4).

---

[2] This court had, at one point, held that "an arbitration award may be vacated on two nonstatutory grounds: if the award displays manifest disregard of the law or is contrary to public policy." *Sarofim v. Tr. Co. Of The W.*, 440 F.3d 213, 216 (5th Cir. 2006).

[3] The Second, Fourth, and Ninth Circuits have all expressly recognized manifest disregard of law as a statutory basis for vacatur. *See Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 480 (4th Cir. 2012) ("[W]e find that manifest disregard continues to exist as either an independent ground for review or as a judicial gloss [on the statutory grounds for vacatur]."); *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) ("We have already determined that the manifest disregard ground for vacatur is shorthand for . . . § 10(a)(4)."); *Stolt-Nielsen SA v. AnimalFeeds Intern. Corp.*, 548 F.3d 85, 95 (2d Cir. 2008) (discussing manifest disregard of the law "as a judicial gloss on the specific grounds for vacatur enumerated in section 10 of the FAA"), *overruled on other grounds*, 559 U.S. 662 (2010).

No. 15-11140

While we have yet to explicitly decide whether the bases for vacatur asserted by Curtis can be statutory grounds for vacatur, we need not decide this issue today.  *See Citigroup*, 562 F.3d at 357 (recognizing the Second Circuit's approach to manifest disregard but finding that the case before it "d[id] not include an erroneous application of that principle"); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010) ("We do not decide whether 'manifest disregard' survives our decision in [*Hall*] as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10.").[4]   Assuming—without deciding—that manifest disregard of the law and a violation of a state's public policy fall within 9 U.S.C. § 10(a)(4), Curtis still fails to show any grounds for vacatur of the arbitration award.   This is because Curtis fails to overcome our deferential standard of review and to demonstrate that the arbitrator manifestly disregarded the law or issued the arbitration award in violation of public policy.   We address each of Curtis' challenges in turn.

**A. Manifest Disregard of the Law**

Curtis first argues that the arbitration award should be vacated because the arbitrator manifestly disregarded Texas law in issuing the arbitration award.   In particular, Curtis asserts that awarding McKool Smith attorney's fees disregarded Texas law because McKool Smith engaged in block billing, failed to prove that it exercised good billing judgment for the fees it sought to collect, and collected fees for work—including retaining experts—that Curtis

---

[4] Curtis argues that the Supreme Court in *Stolt-Nielsen* determined that a violation of public policy is a statutory ground for vacatur under 9 U.S.C. § 10(a)(4).   Curtis misconstrues *Stolt-Nielsen*.   That decision makes no mention of state law public policy as a basis for vacatur.   Instead, the Supreme Court there held that an arbitration panel exceeded its powers within the meaning of 9 U.S.C. § 10(a)(4) because the panel imposed its own view of sound public policy regarding the availability of class arbitration rather than identifying the rule of law governing the availability of class arbitration under the contract.   *Stolt-Nielsen*, 559 U.S. at 671–77.

No. 15-11140

instructed McKool Smith not to perform.   Under our pre-*Hall* opinions addressing manifest disregard of the law, we held that manifest disregard of the law "mean[t] more than error or misunderstanding with respect to the law." *Prestige Ford v. Ford Dealer Comput. Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986)).   It meant that "the arbitrator appreciate[d] the existence of a clearly governing principle but decide[d] to ignore or pay no attention to it."   *Id.* (quoting *Merrill Lynch*, 808 F.2d at 933); *see id.* ("The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable.").   And even upon such an error, under our deferential review of arbitration awards, we did not vacate an award absent a finding "that the award resulted in a 'significant injustice.'" *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 355 (5th Cir. 2004) (quoting *Williams v. Cigna Fin. Advisors, Inc.*, 197 F.3d 752, 762 (5th Cir. 1999)).

Assuming—without deciding—that manifest disregard of the law can be a *statutory* basis for vacatur, Curtis fails to show that the arbitration award was in manifest disregard of Texas law.   While Curtis asserts that Texas law requires explaining block billing entries in fee disputes, Curtis points to cases disfavoring, but not disallowing, block billing to prove attorney's fees in *fee-shifting cases. See, e.g.*, *Barrow v. Greenville Ind. Sch. Dist.*, No. 3:00-CV-0913-D, 2005 WL 6789456, at *4 (N.D. Tex. Dec. 20, 2005); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012).   In fact, with respect to fee agreements, as in the instant case, one Texas state court found that a law firm did not breach its fiduciary duty or charge unreasonable fees when block billing a client when the client never complained about the format of the bills during the representation. *See McGuire, Craddock, Strother & Hale, P.C. v. Transcon. Realty Inv'rs, Inc.*, 251 S.W.3d 890, 895–96 (Tex. App.—Dallas 2008, pet. denied).   We therefore cannot conclude that the arbitrator disregarded well

7

defined Texas law by allowing McKool Smith to collect block billed attorney's fees.

Curtis's remaining arguments regarding McKool Smith's failure to prove good billing judgment and its alleged recovery of fees for unauthorized work are essentially challenges to the factual findings of the arbitrator.[5]  However, on our deferential appellate review of arbitration awards, "[w]e refrain from commenting on the correctness or incorrectness of the arbitrator's factual findings," *Local Union 59, Int'l Bhd. of Elec. Workers, AFL-CIO v. Green Corp.*, 725 F.2d 264, 268 (5th Cir. 1984), and "we are bound by the arbitrator's factual findings regarding [the parties'] conduct," *Timegate Studios Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 803 (5th Cir. 2013).  Accordingly, we cannot address the merits of Curtis's remaining arguments.

### B. Public Policy

Curtis next argues that the arbitration award should be vacated because it violates Texas public policy.  In our pre-*Hall* opinions addressing public policy, we noted that "any public policy used to vacate an arbitration award [had to] be 'explicit,' 'well defined,' and 'dominant.'"  *Prestige Ford*, 324 F.3d at 396 (quoting *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766 (1983)).  We further added that in "applying the narrow public policy exception, courts are forbidden to use imprecise notions of public policy which would allow ill-defined considerations to negate the rule favoring judicial deference."  *Id.* (quoting *Gulf Coast Indus. Workers Union v. Exxon Co., U.S.A.*, 991 F.2d 244,

---

[5] Although Curtis asserts that Texas law requires a showing of good billing judgment and does not allow an attorney to disregard a client's instructions, the arbitrator did not disregard these points of Texas law.  Rather, the arbitrator made specific findings that (1) McKool Smith exercised good billing judgment based on the evidence before him and (2) it was not altogether clear whether Curtis had instructed McKool Smith not to perform certain work but that McKool Smith still minimized whatever costs it could.

No. 15-11140

249 (5th Cir. 1993)).

Assuming—again, without deciding—that a violation of public policy can be a *statutory* basis for vacatur, Curtis fails to show that the arbitration award violated Texas public policy. Reframing its previous arguments, Curtis asserts that allowing McKool Smith to collect 100% of its billed fees for work that it allegedly performed without Curtis's consent would violate the well-defined Texas public policy against unconscionable attorney's fees. However, for the reasons previously discussed, this argument is essentially a challenge to the arbitrator's underlying factual findings, and we cannot entertain such a challenge.[6]

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[6] Moreover, the Supreme Court of Texas has noted that while "a court [can] refuse to confirm an arbitration award that is expressly based on a legally unenforceable obligation . . . it is quite another thing for a court to re-examine whether an arbitrator has correctly determined that an obligation is not of the sort that is legally unenforceable." *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). The instant challenge resembles the latter scenario, in which the Supreme Court of Texas has cautioned against vacatur on public policy grounds. *See id.* ("[A] court should not be permitted to reassess an arbitrator's decision on disputed evidence regarding the character of the obligation.").