# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2021

Lyle W. Cayce
Clerk

No. 20-30428

TIFFANY Y. JONES,

*Plaintiff—Appellant*,

*versus*

MICHAELS STORES, INCORPORATED,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-948

Before HIGGINBOTHAM, COSTA, and OLDHAM, *Circuit Judges*.
GREGG COSTA, *Circuit Judge*:

Tiffany Jones agreed to arbitrate employment disputes with her former employer, Michaels Stores, Inc. She invoked that arbitration agreement after she was fired, alleging violations of the company handbook. The arbitrator ruled against her.

Jones then tried to sue Michaels in federal court, challenging the same termination on a different theory: that it amounted to discrimination and retaliation in violation of Title VII. The parties agreed to stay the lawsuit pending a second arbitration. The new arbitrator ruled that *res judicata*

No. 20-30428

barred the Title VII claims because they arose from the same transaction at issue in her first arbitration.

Jones then asked the district court to vacate the arbitrator's *res judicata* ruling. She argued that the arbitrator manifestly disregarded Louisiana law in finding her new claims precluded. Michaels sought confirmation of the arbitration order.

The district court sided with Michaels. It noted uncertainty about whether the manifest-disregard standard retains any role in determining whether an arbitration award should be vacated. It also observed that Jones did not invoke any of the four grounds listed in the Federal Arbitration Act (FAA) for vacatur, *see* 9 U.S.C. § 10(a),[1] but was relying on manifest disregard as an independent ground. The court nonetheless assumed *arguendo* that manifest disregard of the law alone could allow a court to undo an arbitration award because it concluded that the arbitrator did not manifestly disregard *res judicata* law.

---

[1] Those statutory grounds for vacatur are:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient case shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The next section of the code lists grounds for modifying awards. *See id.* § 11.

The district court correctly recognized some murkiness in our manifest-disregard caselaw. This appeal is an opportunity to emphasize at least one thing that we have directly resolved: "manifest disregard of the law as an independent, nonstatutory ground for setting aside an award must be abandoned and rejected." *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009).

A brief chronicle of manifest-disregard cases shows why our court no longer recognizes manifest disregard as a standalone basis for vacatur. For a time, we did recognize manifest disregard as its own basis for setting aside an arbitration award, though that standard was "difficult to satisfy." *Id.* at 354 (citing *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346 353 (5th Cir. 2004), *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 395–96 (5th Cir. 2003)).

Then, in 2008, the Supreme Court held that an arbitration agreement could not establish a ground for vacatur or modification of an arbitration award apart from those listed in the Federal Arbitration Act. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). In rejecting the notion that a contract could create a new vacatur standard, *Hall Street* reasons that the statutory grounds for vacatur and modification are the "exclusive grounds." *Id.* at 584. Although the case did not involve a claim of manifest disregard, the Supreme Court noted that some courts, like ours, had read the phrase "manifest disregard" in a prior Supreme Court opinion as a nonstatutory ground for vacatur. *Id.* (citing *Wilko v. Swan*, 346 U.S. 427 (1953)). But the Court rejected the "manifest disregard" caselaw as general support for nonstatutory vacatur grounds. *Id.* at 585. In doing so, it explained that "maybe the term 'manifest disregard' was meant to name a new ground for review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them." *Id.* It also noted that the phrase "may have been shorthand" for statutory grounds for vacatur such as "when the

arbitrators were 'guilty of misconduct' or 'exceeded their powers.'" *Id.* (quoting 9 U.S.C. §§ 10(a)(3),(4)).

We soon addressed whether "manifest disregard of the law remains valid, as an independent ground for vacatur, after *Hall Street*." *Citigroup Global*, 562 F.3d at 355. The answer, we concluded, "seem[ed] clear" because the Supreme Court had "unequivocally held that the statutory grounds are the exclusive means for vacatur under the FAA." *Id.* We thus held that "to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA." *Id.*; *see also OJSC Ukrnafta v. Carpatsky Petrol. Corp.*, 957 F.3d 487, 503 (5th Cir. 2020) ("We have rejected manifest disregard as a nonstatutory basis for vacating domestic arbitration awards." (citing *Citigroup Global*, 562 F.3d at 355)).

*Citigroup Global*'s direct holding that manifest disregard is no longer an independent ground for vacatur sounds like the end of the matter. But perhaps a Supreme Court decision issued just a year later is a source for some lingering confusion on this issue. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010). The Court refused to decide "whether 'manifest disregard' survives" *Hall Street* "as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10." *Id.* at 672 n.3. But because we had decided at least the first part of that question—concluding that manifest disregard is no longer an independent vacatur ground, *see Citigroup Global*, 562 F.3d at 355—the Supreme Court's later abstaining from deciding that issue cannot overrule our precedent. *See Gruver v. La. Bd. of Supervisors*, 959 F.3d 178, 181 (5th Cir. 2020) (explaining that, under the rule of orderliness, only an "unequivocal" change in law from the Supreme Court can override one of our precedents).

No. 20-30428

As still-binding precedent, *Citigroup Global* resolves this case. Jones relies on manifest disregard as a freestanding ground for vacatur, untethered to any of the FAA's four grounds for vacatur. Her case is thus unlike one in which a party argued that an arbitrator's manifest disregard of the law showed that he had "exceeded [his] powers within the meaning of 9 U.S.C. § 10(a)(4)." *McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 212 (5th Cir. 2016) (per curiam) (alteration in original). Because of uncertainty about whether the manifest-disregard standard could still be used as a means of establishing one of the statutory factors, *McKool Smith* assumed *arguendo* that it could because the standard was not met in any event. *Id.* at 213; *see also DynaColor, Inc. v. Razberi Techs., Inc.*, 795 F. App'x 261, 264 (5th Cir. 2020) (also assuming *arguendo* that manifest disregard could still be used because the standard was not met). As Jones does not invoke any statutory ground for vacatur, her appeal cannot overcome our instruction that "arbitration awards under the FAA may be vacated only for reasons provided in § 10." *Citigroup Global*, 562 F.3d at 358.

The judgment of the district court is AFFIRMED.