**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-10514
(Summary Calendar)


GUADALUPE LOPEZ,

Plaintiff-Appellant,


versus


ROBERT B. REICH,
Secretary of Labor,

Defendants-Appellee.


Appeal from the United States District Court
For the Northern District of Texas

(3:93-CV-584-G)


March 1, 1996

Before WIENER, PARKER, and DENNIS, Circuit Judges:

PER CURIAM[*]:

Plaintiff-Appellant Guadalupe Lopez was injured on the job. Despite several decisions to the contrary, he continues to urge, _inter alia_, that he was discriminated against by Department of Labor (Department) both when he was terminated and when he was not

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

rehired. We, like the Merit Protection Review Board (Board), the Directorate of Civil Rights (DCR), and the district court before us, conclude that Lopez's discrimination claim is barred by res judicata and by the terms of a valid settlement agreement, and therefore affirm the judgment of the district court.

I

FACTS AND PROCEEDINGS

A.   THE TERMINATION

Lopez worked for the Department as a Senior Equal Opportunity Employment Specialist, in Albuquerque, New Mexico. In a work-related traffic accident in July of 1987, Lopez incurred injuries which prevented him from performing his job. On February 27, 1989, the Department discharged Lopez on the ground that he was physically unable to return to his job.

B.   THE FIRST BOARD APPEAL

The next day, Lopez appealed to the Board, alleging that the Department had failed to accommodate his handicap and discharged him without cause. In June 1989, before the Board held a hearing, the parties entered in to a settlement agreement (Settlement). In the Settlement, Lopez agreed to dismiss his appeal and acknowledged that he had not achieved full recovery at the time of his discharge. Additionally, he waived any rights to appeal to the Board or the Equal Employment Opportunity Commission (EEOC). In return, the Department agreed to give Lopez "priority consideration" for a position within thirty days following his full recovery. Both parties acknowledged that the Settlement resolved

2

all issues arising out of the discharge.

C.    THE EEOC COMPLAINT

Approximately one and one-half years later, in November 1990, Lopez filed a complaint with the DCR, alleging that the Department had (1) discriminated against him on the basis of race, (2) failed to accommodate his handicap, and (3) discharged him in retaliation for previous EEOC activity.[1]  In May 1991, the DCR dismissed this complaint stating that these three issues had been resolved by the Settlement.  Lopez appealed this ruling to the EEOC and the complaint was reinstated.  In March 1992, DCR issued a preliminary decision in which it found that Lopez had not been a victim of discrimination.  In December 1992, a final DCR decision was issued, finding that, as the case had not been timely filed, it had been improperly accepted for investigation.

D.    LOPEZ SEEKS REEMPLOYMENT

Meanwhile, in October 1990, Lopez had applied to be rehired as a Veteran's Program Specialist (Specialist Position) with the Department's Dallas, Texas office.  The Specialist Position had a two-year residency requirement, which Lopez failed to meet because he was a resident of New Mexico.  As a result, Lopez was informed by the Veterans' Affairs Office that he was ineligible for the Specialist Position.

---

[1] He also made several allegations regarding his Federal Employees' Compensation Act benefits and the actions of the Office of Workers' Compensation Programs, which administers those benefits.  These allegations are beyond the scope of this appeal.

3

E.   THE DCR COMPLAINT

In December 1990, Lopez had filed a complaint with the DCR, alleging that he had been discriminated against because of his handicap when he was not offered the Specialist Position. In September 1991, DCR issued a proposed decision, finding that the two-year residency requirement of the Specialist Position was not discriminatory and that it had not been applied in a discriminatory manner. In December 1992, the final agency decision affirmed these conclusions.

F.   THE SECOND BOARD APPEAL

Lopez had filed a second appeal with the Board in March 1991, alleging that he should have received priority consideration for jobs both inside and outside his commuting area. He also alleged that he had recovered fully. The Board judge disagreed with both allegations, observing that Lopez had conceded that he was still receiving worker's compensation benefits and finding that he was not capable of performing the work that the position for which he claimed entitlement required. The Board judge concluded that the Department had not arbitrarily or capriciously denied Lopez's restoration. In July 1991, Lopez petitioned the full Board for review. In October 1991, the Board denied his petition, and Lopez did not appeal.

G.   THE SECOND DCR COMPLAINT

Lopez had filed another complaint in August 1991, alleging that he was not rehired because of discrimination based on race and handicap, and in retaliation for his participation in the EEOC

4

process.  In April 1992, DCR issued its proposed decision, finding no evidence of any type of discrimination.  A final DCR decision in December confirmed the proposed opinion.  Apparently, Lopez did not appeal.

H.    THE THIRD BOARD APPEAL

In April 1992, Lopez appealed to the Board for yet a third time, alleging that the Department had failed to (1) re-employ or restore him according to his "one-year rights," (2) place him in another "qualified" position, and (3) inform him that it considered his medical condition a physical disqualification.  In May 1992, the Board judge issued an Order to Show Cause why the Settlement and prior litigation did not bar these claims.  The Board judge found Lopez's response inadequate and dismissed his appeal as barred by res judicata, collateral estoppel, and the Settlement. In April 1993, the full Board affirmed this decision, and again Lopez did not appeal.

I.    THE DISTRICT COURT COMPLAINT

In March 1993, Lopez filed the instant complaint in federal district court, alleging that the Department had violated Title VII, the Rehabilitation Act, the Freedom of Information Act, and the Americans with Disabilities Act, and asserting additional claims arising under state law.  The Department filed a motion for a judgment of dismissal on all claims, which the district court subsequently granted.

Lopez timely appealed to us.  Construing his pro se brief

liberally,[2] we understand Lopez to contest the district court's dismissal on two grounds:  First, the terms of the Settlement are oppressive;  second, his claims are not barred by res judicata or collateral estoppel.

## II

## DISCUSSION

A.   STANDARD OF REVIEW

We review the district court's grant of a motion for summary judgment de novo, applying the same standard as the district court applied.[3]  Questions of law are decided just as they are outside of the summary judgment context: de novo.[4]

B.   WAS THE SETTLEMENT OPPRESSIVE?

Although many aspects of this case have been litigated ad nauseam, Lopez argues for the first time in this appeal that the Settlement is oppressive or unconscionable.  We are unable to address this contention for two reasons:  First, we will not address issues raised for the first time on appeal;  second, even if we were to address it, the evidence in the record is insufficient to allow us to decide the issue.  Accordingly, we neither express nor imply an opinion on Lopez's "oppressive"

---

[2] Although Lopez did not begin this litigation representing himself, in the process of this litigation, two different attorneys representing Lopez have withdrawn from representing Lopez.

[3] Berry v. Armstrong Rubber Co., 989 F.2d 822, 824 (5th Cir. 1993), cert. denied, 114 S.Ct. 1067 (1994); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir.)(citations omitted), cert. denied, 113 S.Ct. 462 (1992).

[4] Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988).

argument; we simply do not address the issue.

C.   RES JUDICATA

Lopez argues that the issues raised in the district court are not barred by either res judicata or collateral estoppel.  We disagree.  The doctrine of res judicata teaches that a judgment in a prior action prohibits the relitigation of the same claims in a subsequent action if (1) a court of competent jurisdiction rendered the prior judgment; (2) the court entered a final judgment on the merits; (3) both actions involved identical parties or those in privity with them; and (4) both actions involved the same cause of action.[5]  Moreover, res judicata "bars all claims that were or could have been advanced in support of the cause of action . . . not merely those that were adjudicated."[6]  Res judicata will also bar the subsequent litigation of claims even though the original action was brought before an administrative agency if the agency acted in a judicial capacity and the parties had an adequate opportunity to litigate the claims.[7]

Lopez has had a full and fair opportunity to litigate before the Board his claims of discrimination--both those arising from his discharge and from his failure to be rehired.  First, the

---

[5] Ocean Drilling & Exploration Co., Inc v. Mont Boat Rental Services, Inc., 799 F.2d 213, 216-17 (5th Cir. 1986).

[6] Nilsen v. City of Moss Point, Mississippi, 701 F.2d 556, 560 (5th Cir. 1983)(en banc)(emphasis in original and citation omitted).

[7] United States v. Utah Const. & Min. Co., 384 U.S. 394 (1966); see also Medina v. Immigration and Naturalization Service, 993 F.2d 499, 503-04 (5th Cir. 1993).

7

Settlement that he executed was valid, fully disposing of all claims arising from the discharge decision. Second, the Board has repeatedly considered and rejected Lopez's claims that he was discriminated against when the Department declared him ineligible for the Specialist Position. Lopez did not appeal these decisions. Accordingly, we hold that the Settlement and the Board decision constitute final decisions on the merits of Lopez's claims, and thus bar any subsequent relitigation of these claims.

For the forgoing reasons, the judgment of the district court is, in all respects,

AFFIRMED.