# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

No. 10-10907
c/w No. 10-10910
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAUREN ELIZABETH REYNOLDS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-139-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lauren Elizabeth Reynolds pleaded guilty to possessing a firearm as a felon and was sentenced to 120 months of imprisonment and three years of supervised release. Reynolds's firearms offense was a violation of her supervised release and resulted in the revocation thereof and a consecutive 24-month term of imprisonment. Reynolds now appeals both sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10907
c/w No. 10-10910

With respect to the 120-month sentence, Reynolds argues that the district court erred in denying a reduction for acceptance of responsibility. She contends that the district court's denial of acceptance of responsibility to her, but its award to a codefendant who was also found to be untruthful, created an inconsistency that undermines the public reputation of judicial proceedings. Reynolds did not raise in the district court the argument regarding the inconsistency in the district court's denial of acceptance of responsibility, so review is for plain error. *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

The probation officer found that Reynolds "minimized and denied relevant conduct" when she denied knowing that her boyfriend was involved in the offense. "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court has determined to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.1(a)). Reynolds has not demonstrated that the district court plainly erred by denying her acceptance of responsibility because she does not contest the finding that she was dishonest and because the district court considered her codefendant's dishonesty in selecting the highest recommended guidelines sentence, despite that the codefendant had no prior arrests.

With respect to the 24-month sentence imposed on the revocation of her supervised release, Reynolds argues that the sentence is unreasonable. She contends that the sentence created an unwarranted sentencing disparity between herself and another codefendant who had been found to be the organizer of the firearms offense but who received only a 120-month sentence. Sentences imposed upon revocation of supervised release are reviewed under the plainly unreasonable standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

No. 10-10907
c/w No. 10-10910

The goal of sentencing on revocation of supervised release "is to punish a defendant for violating the terms of the supervised release" and "differs from the objectives outlined for the imposition of an original sentence." *Id.* The organizer codefendant was not punished for violating the terms of supervised release, and Reynolds's sentence on revocation sought to accomplish "distinctly different goals" from the sentences imposed upon Reynolds and her codefendant for the firearms offense. *Id.* Reynolds has not shown, by comparing her sentence to that of an offender who was not on supervised release, that the district court imposed a plainly unreasonable revocation sentence.

AFFIRMED.