# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31043
Cons/w No. 14-31213

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2015

Lyle W. Cayce
Clerk

KANE MARCEAUX; GREG CORMIER; SCOTT POIENCOT;
GABRIEL THOMPSON; NORBERT MYERS; NOVEY STELLY;
ULETOM P. HEWITT; REGINA BRISCOE; ALEETA M. HARDING;
GUS SANCHEZ; ROBERT POLANCO; KENCIL D. JOSEPH;
DONALD CEASER; PAUL TAYLOR, JR.; RACHEL ROBERTS,

Plaintiffs–Appellants

versus

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT;
CITY POLICE OF LAFAYETTE;
LESTER JOSEPH DUREL, JR., in His Capacity as
  President of the Lafayette City-Parish Consolidated Government;
DEE EDWARD STANLEY; JAMES P. CRAFT; GEORGE JACKIE ALFRED;
TED VINCENT, Individually and in His Capacity as
  Captain in the Lafayette Police Department;
RANDY VINCENT, Individually and in His Official Capacity as
  a Major in the Lafayette Police Department;
LEVY J. FIRMIN, Individually and in His Capacity as
  a Lieutenant in the Lafayette Police Department;
RAY DOMINGUE, Individually and in His Capacity as Human Resources
  Manager of the Lafayette City-Parish Consolidated Government;
DWAYNE PREJEAN, Individually and in His Capacity as
  a Lieutenant in the Lafayette Police Department;
U.J. PREVOST, Individually and in His Capacity as
  a Detective in the Lafayette Police Department;
KEITH GREMILLION, Individually and in His Capacity as
  a Sergeant in the Lafayette Police Department,

Defendants–Appellees

No. 14-31043 cons/w No. 14-31213

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-1532

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiffs are fifteen current and former officers of the Lafayette Police Department suing the local government, the department, and other officers and city officials for numerous alleged violations of their constitutional rights and of state law. Adopting the report and recommendations of the magistrate judge ("MJ"), the district court dismissed most claims under Federal Rule of Civil Procedure 12(b)(6) and the remaining First Amendment claims on summary judgment. In addition to those rulings, the plaintiffs appeal the imposition of sanctions under Federal Rule of Civil Procedure 11 and the grant of costs and attorney's fees to the defendants. The defendants seek costs on appeal under Federal Rule of Appellate Procedure 38. We affirm in all respects and deny the Rule 38 motion.

I.

The facts are disputed, but in general, the plaintiffs maintain that Police Chief Jim Craft and Lafayette City-Parish Consolidated Government Chief Administrative Officer Dee Stanley led a sort of cabal within the police department that engaged in "gross misconduct and rampant abuse of authority." The plaintiffs contend that this "Stanley-Craft Organization" sought reprisals

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 14-31043 cons/w No. 14-31213

against the plaintiffs, after they revealed the misconduct, by subjecting them to internal investigations, transfers, demotions, and terminations from their jobs as police officers.

The original complaint proved problematic. The defendants moved to strike various parts and dismiss the suit, but the MJ instead granted the plaintiffs leave to amend, advising them that many impertinent and scandalous parts should be removed. Instead of omitting the controversial parts, the plaintiffs added to it, and with their amended complaint they stated that they "amend, revise, restate, and generally supplement" their original complaint. Plaintiffs' counsel confirmed that the amended complaint supplemented the original when he later explained at a hearing that the amended complaint controlled "to the extent that it may be inconsistent with allegations contained in the original complaint that was filed."

Defendants then re-urged their motions to strike and dismiss, and the MJ ultimately struck 102 paragraphs from the original and amended complaints as immaterial, impertinent, and scandalous. The MJ issued a report, adopted by the district court, recommending that substantially all the claims be dismissed. The court dismissed all state-law claims, all claims under the Fourth, Fifth, and Fourteenth Amendments, and all claims under 42 U.S.C. § 1985, and dismissed many plaintiffs and most defendants from the suit.[1] What remained were six plaintiffs'[2] claims against the city and against Stanley, Craft, and Alfred, in their individual capacities, for allegedly violating

---

[1] The court dismissed all claims against Durel, Ted Vincent, Randy Vincent, Firmin, Domingue, Prejean, Prevost, and Gremillion and all claims against Stanley, Craft, and Alfred, in their official capacities. All claims against the Lafayette City Police Department were dismissed, and because they had no remaining claims, the court dismissed plaintiffs Myers, Harding, Sanchez, Polanco, Briscoe, and Roberts.

[2] The remaining plaintiffs whose claims were not dismissed under Rule 12(b)(6) were Marceaux, Poiencot, Thompson, Cormier, Stelly, and Hewitt.

No. 14-31043 cons/w No. 14-31213

their First Amendment rights through adverse employment actions.

At the same time, the defendants moved for attorney's fees under 28 U.S.C. § 1927 and sanctions under Rule 11 because of plaintiffs' failure to amend properly. The MJ concluded that plaintiffs' counsel had violated Rule 11(b), and he recommended—and the district court agreed—that they be ordered to pay $2,500 to the court and reimburse $5,000 to the defendants. The motion for attorney's fees under § 1927 was denied.

Later, the remaining First Amendment claims were dismissed on summary judgment, and the defendants moved again for costs and attorney's fees under Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988. The plaintiffs filed no opposition to those motions, so the district court granted them and assessed costs of $17,041.19 and attorney's fees of $91,035. The plaintiffs appealed the dismissal of all the claims and the Rule 11 sanctions and the order taxing costs and awarding fees.

## II.

In a seventy-three-page report on the Rule 12(b)(6) motion, the MJ meticulously analyzed every claim in the original and amended complaints. He identified the numerous insufficiencies with many of the plaintiffs' claims, including asserting legal claims that cannot be applied to state actors, redundantly suing the municipality and individuals in their official capacities, and failing to allege essential elements. We find it unnecessary to repeat that discussion in detail; reviewing the issue *de novo*, we affirm the dismissal of those claims under Rule 12(b)(6) for essentially the same reasons provided in the MJ's thorough report adopted by the district court. *See Woodard v. Andrus*, 419 F.3d 348, 352–54 (5th Cir. 2005). The district court did not abuse its discretion in not granting a second opportunity to amend the complaint. *See Ashe v. Corley*, 992 F.2d 540, 542–43 (5th Cir. 1993).

No. 14-31043 cons/w No. 14-31213

III.

We review for abuse of discretion the imposition of sanctions for violation of Rule 11. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014). The rule provides in part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

A violation of any subpart of the Rule 11(b) is sanctionable, and courts use an objective standard, looking to the state of affairs at the time the filing was signed.[3] "[W]hether a reasonable inquiry into the facts has been made in a case will, of course, be dependent upon the particular facts." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) (en banc). But the district court can look to certain factors in assessing whether a party has violated Rule 11, including how much time the party or attorney had to investigate the claims, the extent to which the attorney relied on the client for

---

[3] *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802–05 (5th Cir. 2003) (en banc); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 569 (5th Cir. 2006).

information, the feasibility of investigation, and the complexity of the case, among others. *Id*. Relying on the factors in *Thomas*, the MJ concluded that plaintiffs' counsel had violated subsections (b)(1) and (b)(2).

First, the MJ reasoned that plaintiffs' counsel had resubmitted their original complaint with the amended complaint, in addition to other filings, for the improper purpose of causing unnecessary delay or needlessly increasing the cost of litigation. *See* FED. R. CIV. P. 11(b)(1). In particular, by reasserting the same impertinent, immaterial, and scandalous allegations—against which they had been warned—the plaintiffs forced further filings from the defendants and increased the cost and effort required by the court to comb through the complaint. Furthermore, the MJ concluded that refiling the complaints, as well as issuing multiple subpoenas that were quashed, suggested an improper purpose to harass some defendants.

Second, the plaintiffs violated Rule 11(b)(2) by filing complaints replete with obviously deficient claims. For instance, they asserted Fifth Amendment due-process claims, but no defendant is a federal actor. *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). They asserted claims under the Fourth Amendment, state law, and 42 U.S.C. § 1985 that were not supported by the allegations. Given the circumstances, many of the claims raised were not warranted by existing law or a plausible extension of the law made after a reasonable inquiry.

We agree with the MJ's conclusion that, under *Thomas*, plaintiffs' counsel had ample time to investigate the relatively straightforward events underlying this case, which at its core involves alleged adverse-employment actions. The plaintiffs also unnecessarily increased the length of proceedings and asserted unwarranted claims. Either violation of Rule 11 would be a sufficient

6

No. 14-31043 cons/w No. 14-31213

basis for sanctions,[4] and the district court did not abuse its discretion in adopting the recommendation to do so in the face of such "obviously defective" complaints. *Skidmore Energy*, 455 F.3d at 570.

IV.

We review *de novo* the summary judgment on the remaining plaintiffs' § 1983 claims based on First Amendment retaliation.[5]  The speech at issue, though particular to each plaintiff, involves various concerns or complaints that they lodged with their superiors, as well as their brief attempt to seek a temporary restraining order against the department to stop an internal investigation in an unrelated matter.  The plaintiffs maintain that those activities—filing complaints and seeking the restraining order—are protected by the First Amendment and were the basis for adverse-employment actions.  After a hearing, the district court issued four separate summary judgments dismissing the six plaintiffs' claims on the first prong of qualified immunity,[6] concluding that no plaintiff had made out an actual violation of his or her constitutional rights.

To make a claim under § 1983 for First Amendment retaliation, a plaintiff must establish: "(1) the plaintiff suffered an adverse employment decision, (2) the plaintiff's speech involved a matter of public concern, (3) the plaintiff's interest in speaking outweighed the governmental defendant's interest in promoting efficiency, and (4) the protected speech motivated the defendant's conduct." *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004) (en banc).

---

[4] The plaintiffs do not dispute the amount of the sanctions, but only their imposition.

[5] *Time Warner Cable, Inc. v. Hudson*, 667 F.3d 630, 638 (5th Cir. 2012).

[6] The defendants raised this defense on summary judgment.  As public officials, they may assert qualified immunity unless the plaintiffs can demonstrate (1) that the defendants violated their constitutional rights and (2) that the defendants' conduct was not objectively reasonable in light of clearly established law at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009); *DePree v. Saunders*, 588 F.3d 282, 287 (5th Cir. 2009).

No. 14-31043 cons/w No. 14-31213

Viewing the summary-judgment evidence in the light most favorable to the plaintiffs, it is apparent that they have not met the second element because their speech did not involve matters of public concern, which is a legal question that must be determined by the content, form, and context of the speech. *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 186 (5th Cir. 2005). But there is a distinction between a plaintiff's speaking as an employee and speaking as a citizen. "When a public employee speaks in his capacity as an employee and addresses personal matters such as personnel and employment disputes, rather than in his capacity as a citizen on a matter of public interest, his speech falls outside the protection of the First Amendment." *Id.*

All of the speech related to employment matters that were personal to the plaintiffs. For example, Marceaux relies on meetings he had with Police Chief Craft, an administrative complaint he filed, and an employment-discrimination complaint. But those sorts of grievances communicated up the chain of command are not protected speech. *Davis v. McKinney*, 518 F.3d 304, 313–15 (5th Cir. 2008). The other plaintiffs similarly cannot point to speech on a matter of public concern; they allege only internal expressions of concern or complaint about the operation of the police department. Further, the suit for a temporary restraining order also concerned only employment matters; the parties involved were seeking to block an internal investigation within the department. *See Oscar Renda Contracting, Inc. v. City of Lubbock, Tex.*, 463 F.3d 378, 383 (5th Cir. 2006). Consequently, we need not address whether any of these plaintiffs suffered adverse employment actions because none engaged in speech on a matter of public concern, and we can affirm the summary judgment on that basis.

V.

The plaintiffs appeal the order taxing costs and assessing attorney's fees,

but they failed to oppose the motion in the district court, and a party may not oppose a request for costs and fees for the first time on appeal.[7] Thus the order is affirmed.

## VI.

Rule 38 authorizes us to award just damages and single or double costs if we determine that an appeal is frivolous, meaning that the "the result is obvious or the arguments of error are wholly without merit." *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) (internal quotation marks omitted). "[I]t is not bad faith that establishes frivolity of appeal, but that an unreasonable legal position is advanced without a good faith belief that it is justified." *Coghlan v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1988) (per curiam) (internal quotation marks omitted).

Though plaintiffs' chances of success on appeal were slim, their appeal is not so wholly without legal merit that Rule 38 sanctions are warranted. In particular, the issues relating to the First Amendment retaliation and Rule 11 sanctions are not entirely frivolous. Therefore, we exercise our discretion not to impose damages or costs under Rule 38.

The judgments and orders of the district court are in all ways AFFIRMED. The motion for damages and costs on appeal is DENIED.

---

[7] *See Pope v. MCI Telecomm. Corp.*, 937 F.2d 258, 267 (5th Cir. 1991); *Traina v. United States*, 911 F.2d 1155, 1158 (5th Cir. 1990).