# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2017

Lyle W. Cayce
Clerk

LAUREN E. REYNOLDS,

Petitioner-Appellant

v.

MARNE BOYLE, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2450

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lauren Elizabeth Reynolds, federal prisoner # 86893-180, was convicted in the Northern District of Texas on her guilty plea to post-felony possession of a firearm and was sentenced to a 120-month prison term and a three-year term of supervised release. *United States v. Reynolds*, 427 F. App'x 316, 316 (5th Cir. 2011) (affirming the judgment). In 2015, Reynolds instituted the instant case in the Southern District of Texas under 28 U.S.C. § 2241 to challenge her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20023

conviction and sentence.  Concluding that Reynolds failed to show any basis for a challenge under § 2241, the district court granted summary judgment in favor of the Government, dismissing the case with prejudice and finding it frivolous.  Also, the district court denied leave to proceed IFP on appeal because the court deemed the appeal to be in bad faith.

Now Reynolds seeks our permission to proceed IFP on appeal to question the district court's denial of IFP status and certification that her appeal is not in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(3).  An appeal is frivolous if it "lacks an arguable basis in law or fact."  *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).

Because Reynolds does not show that her appeal presents a nonfrivolous issue,  *see id.*; *see also Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *United States v. Reyes-Requena*, 243 F.3d 893, 900-06 (5th Cir. 2001), she has failed to make the showing required to obtain leave to proceed IFP.  Accordingly, her IFP motion is DENIED and this appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2; FED. R. APP. P. 24(a)(3).  Additionally, we WARN Reynolds that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.  *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).