# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2018

Lyle W. Cayce
Clerk

In the Matter of: R. Alan Kite,

      Debtor.

KENNETH MICHAEL WRIGHT, L.L.C.,

      Appellant,

v.

KITE BROS., L.L.C.; ROBERT KITE,

      Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:16-CV-1713

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

On April 5, 2017, the U.S. District Court for the Western District of Louisiana entered an order granting Appellees Kite Bros., L.L.C., and Robert Kite's Motion to Dismiss Untimely Bankruptcy Appeal; for Frivolous Appeal Damages; and to Recover Costs, Expenses, and Attorney Fees, concluding that Appellant

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30450

Kenneth Michael Wright, L.L.C., was deserving of sanctions under Federal Rules of Bankruptcy Procedure 9011 and 8020(a) for filing a frivolous appeal of a final judgment of the Bankruptcy Court. A month later, the district court entered an order awarding Appellees attorney's fees in the amount of $21,571.50. Appellant appeals from that order.

Separately, Appellees file a Motion for Sanctions in this court under Rule 38 of the Federal Rules of Appellate Procedure, against both Appellant and its counsel, Kenneth Michael Wright, on the ground that the issues raised by the instant appeal are similarly frivolous. For the reasons that follow, we affirm the judgment of the district court and grant Appellees' motion for sanctions in part.

## I

Given the parties' familiarity with the underlying facts of this case, we recite only those that are necessary to deciding this appeal. In February 2014, Appellees timely filed a $1 million–plus proof of claim in the bankruptcy proceedings of Debtor R. Alan Kite, now deceased, based on a December 2013 Louisiana state court judgment. In September 2016, Appellant, in its capacity as an unsecured creditor of the Debtor, objected to Appellees' proof of claim and collaterally attacked the state court judgment by asserting a removal argument that had previously been rejected by both the state court and a federal district court. At a hearing held on November 17, 2016, the bankruptcy court denied Appellant's objection to the proof of claim under the *Rooker–Feldman* doctrine.[1] The court entered a written order on the docket eleven days later, November 28th, memorializing the denial of Appellant's objection. Per Federal Rule of Bankruptcy Procedure 8002(a)(1), Appellant had fourteen

---

[1] This doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), bars federal claims raised in state court and claims "inextricably intertwined" with a state court's prior judgment. *See Feldman*, 460 U.S. at 486–87.

days from the November 28th entry of judgment to file a notice of appeal, *i.e.*, until December 12, 2016. But Appellant did not file its notice of appeal until one day **after** the deadline, *i.e.*, December 13th.

Appellees moved in the district court to dismiss the appeal as untimely under Rule 8002(a)(1), citing our decision in *Smith v. Gartley* (*In re Berman-Smith*), 737 F.3d 997 (5th Cir. 2013), in which we held unequivocally that

> [s]ince the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit in Rule 8002, . . . the time limit is jurisdictional. Accordingly, . . . the failure to file a timely notice of appeal in the district court leaves the district court, and this court, without jurisdiction to hear the appeal.

*Id.* at 1003. Appellees also sought sanctions against Appellant under Fed. R. Bankr. P. 8020(a) and 9011, 28 U.S.C. § 1927, and the court's inherent authority on the ground that Appellant's appeal was untimely and frivolous. Appellant raised only two arguments in response: Rule 8002 is not jurisdictional, and the removal argument was not frivolous because it had been litigated before several Louisiana circuit court panels. Appellant challenged *In re Berman-Smith* by arguing that "[i]t clearly appears that the Fifth Circuit has not followed the Supreme Court analysis and the argument that the Court lacks jurisdiction is not valid because the Bankruptcy Rules are not Congressional Acts." Appellant raised no procedural, safe-harbor objections and it did not object to Appellees' evidence supporting the imposition of sanctions.

The district court granted Appellees' motions. It rejected Appellant's claim that *In re Berman-Smith* had not followed Supreme Court jurisprudence: "The Fifth Circuit, and every other circuit court that has addressed whether Bankruptcy Rule 8002's deadline is jurisdictional, determined that the deadline is jurisdictional and based on a statute . . . ." The court concluded that it lacked jurisdiction to hear the appeal because the appeal was untimely, given that Appellant filed its notice of appeal one day after the deadline. The district court

No. 17-30450

then imposed sanctions under Rules 9011 and 8020(a) based on Appellant's "frivolous appeal that rehashe[d] an argument that has already been considered and denied by the district court and the Louisiana court system." The court entered a judgment awarding Appellees "reasonable costs and attorney fees for the defense of the appeal" and giving Appellees until April 17, 2017, to submit a fee application. Appellees timely filed their application, but Appellant missed its response deadline by more than a week before filing an out-of-time motion for extension of time. The district court denied the motion, citing Appellant's "blatant disregard of the court's order." On May 4th, the district court found Appellees' fee application for $21,571.50 to be reasonable and imposed the award, explaining that "[t]here is no doubt that the motion to dismiss and motion for sanctions involved complex issues as well as having to deal with the convoluted relevant findings."

Appellant timely appealed the order awarding sanctions. We have jurisdiction to consider the appeal under 28 U.S.C. § 158(d).

## II

Appellant raises three issues on appeal: (1) the district court did not follow the procedural prerequisites to imposing sanctions under Rule 9011; (2) the sanction imposed was not the least restrictive means available to deter the wrongful conduct; and (3) the appeal to the district court was not frivolous because Rule 8002 is not jurisdictional. It cannot be disputed that Appellant raised neither the first nor second issue before the district court, so we decline to address them, "keeping with our precedent that arguments not raised before the district court are waived and cannot be raised for the first time on appeal." *Freeh v. Lake Eugenie Land & Dev., Inc.* (*In re Deepwater Horizon*), 857 F.3d 246, 251 (5th Cir. 2017) (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007)).

Turning then to the third issue, an appeal is frivolous "'if the result is

No. 17-30450

obvious or the arguments of error are wholly without merit' and the appeal is taken 'in the face of clear, unambiguous, dispositive holdings of this and other appellate courts.'" *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 463 n.12 (5th Cir. 2017) (quoting *Coghlan v. Starkey*, 852 F.2d 806, 811–12 (5th Cir. 1988) (per curiam)); *see also Reynolds v. Boyle*, 679 F. App'x 372, 373 (5th Cir. 2017) (per curiam) ("An appeal is frivolous if it 'lacks an arguable basis in law or fact.'" (quoting *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001))).

As explained above, we held in *In re Berman-Smith* that the fourteen-day deadline for filing a notice of appeal provided in Fed. R. Bankr. P. 8002(a) is jurisdictional. 737 F.3d at 1003. Appellant filed its notice of appeal on the fifteenth day following the district court's sanctions order. Thus, the appeal is untimely and, under these circumstances, frivolous.

Appellant's argument that *In re Berman-Smith* is somehow in conflict with Supreme Court precedent regarding jurisdictional timeliness rules because "Rule 8002 is not statutorily based" is meritless. In *In re Berman-Smith*, we read the Supreme Court's decisions in *Kontrick v. Ryan*, 540 U.S. 443 (2004), and *Bowles v. Russell*, 551 U.S. 205 (2007), to stand for the proposition that while, in general, time limits outlined by procedural rules are not jurisdictional, if a time limit "is mandated by Congress, that time limit is jurisdictional and may be considered at any time as a bar to review." *In re Berman-Smith*, 737 F.3d at 1001. And we reasoned that because jurisdiction is determined by 28 U.S.C. § 158(c)(2)'s incorporation of the time limits prescribed in Rule 8002(a),[2] Rule 8002(a) is jurisdictional ***because it is based in statute***. *Id.* at 1002–03. Appellant either ignores or misreads *In re Berman-Smith* to raise an argument that

---

[2] The statute provides: "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts ***and in the time provided by Rule 8002 of the Bankruptcy Rules***." 28 U.S.C. § 158(c)(2) (emphasis added).

5

itself is grounded in a clear misinterpretation of both *Kontrick* and *Bowles*.

Our court is not an outlier on this issue. Every other court of appeals to consider Rule 8002(a) post–*Kontrick* and *Bowles* has stated that the rule is jurisdictional. *See Schwab Indus., Inc. v. Huntington Nat'l Bank*, 679 F. App'x 397, 399 (6th Cir. 2017); *Ozenne v. Chase Manhattan Bank* (*In re Ozenne*), 841 F.3d 810, 814 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1589 (2017); *Gowdy v. Mitchell* (*In re Ocean Warrior, Inc.*), 835 F.3d 1310, 1318–19 (11th Cir. 2016); *In re Sobczak-Slomczewski*, 826 F.3d 429, 431–32 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1119 (2017); *Hamid v. Deutsche Bank Nat'l Trust Co.* (*In re Hamid*), 577 F. App'x 208, 208 (4th Cir. 2014) (per curiam); *Statek Corp. v. Dev. Specialists, Inc.* (*In re Coudert Bros. LLP*), 673 F.3d 180, 185–86 (2d Cir. 2012); *Vázquez Laboy v. Doral Mortg. Corp.* (*In re Vázquez Laboy*), 647 F.3d 367, 371 (1st Cir. 2011); *In re Caterbone*, 640 F.3d 108, 112–13 (3d Cir. 2011); *Emann v. Latture* (*In re Latture*), 605 F.3d 830, 837 (10th Cir. 2010). Not a single court of appeals has held otherwise. Indeed, we just recently acknowledged the continued force of *In re Berman-Smith*'s holding. *See Dorsey v. U.S. Dep't of Educ.*, 870 F.3d 359, 362 (5th Cir. 2017) ("The failure to file a timely notice of appeal in a bankruptcy case deprives both the district court and this court of jurisdiction.").

It is therefore without question that the result of Appellant's appeal was obvious and that the appeal was taken "in the face of clear, unambiguous, dispositive holdings of this and other appellate courts." *Streamline Prod. Sys., Inc.*, 851 F.3d at 463 n.12 (citation and internal quotation marks omitted). We agree with the district court's ruling that sanctions were warranted because Appellant's appeal was frivolous, and we AFFIRM the district court's order imposing those sanctions.[3]

---

[3] Although the district court's order was based on two separate holdings that the appeal was frivolous and that it was untimely, not that the appeal was frivolous **because** it was

No. 17-30450

## III

## A

We address now Appellees' motion for sanctions in this court. Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. We apply the same standard to determine the frivolity of this appeal as we used to determine the frivolity of the appeal to the district court, *Marceaux v. Lafayette City-Parish Consol. Gov't*, 614 F. App'x 705, 710–11 (5th Cir. 2015) (per curiam), *i.e.*, the appeal is frivolous "if the result is obvious or the arguments of error are wholly without merit and the appeal is taken in the face of clear, unambiguous, dispositive holdings of this and other appellate courts," *Streamline Prod. Sys., Inc.*, 851 F.3d at 463 n.12 (citations and internal quotation marks omitted). "[I]t is not bad faith that establishes frivolity of appeal, but that an unreasonable legal position is advanced without a good faith belief that it is justified." *Coghlan*, 852 F.2d at 814 (citation and internal quotation marks omitted).

On this basis, we determine that Appellant's appeal of the sanctions order to this court is frivolous. The result of this appeal was obvious, because (1) Appellant filed its initial notice of appeal to the district court outside Rule 8002(a)'s fourteen-day time period, which clearly deprived the district court of jurisdiction to consider that appeal, and (2) the district court, in imposing its sanctions order, provided fair notice to Appellant of the ample legal authority holding squarely against it on the timeliness issue. Notwithstanding this notice and the authority supporting it, Appellant appealed the sanctions order. Appellant gives

---

untimely, we "may affirm the district court's judgment on any basis supported by the record." *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

No. 17-30450

us no indication that it advanced its legal position vis-à-vis the sanctions order with any good faith belief that it was justified.

Alternatively, an appeal can be considered frivolous when an appellant gives the court nothing to consider in the appeal. *Patel v. Phillips*, 540 F. App'x 417, 417 (5th Cir. 2013) (per curiam). Appellant gave us nothing to properly consider here. We could not consider the two arguments Appellant impermissibly raised for the first time on appeal. The sole argument Appellant raised that it **had** previously raised below is the argument that a jurisdictional rule is somehow **not** jurisdictional—despite clear rulings of this court and nine other circuit courts. Obviously, this appeal is frivolous.

## B

Having found that the appeal is frivolous, we also find that all procedural prerequisites to awarding sanctions under Rule 38 have been satisfied. Appellees filed a separate motion, and Appellant responded—though its response ignores completely the jurisdictional rule issue and instead confusingly argues that this appeal "addresses only the issuance of and the amount of sanctions pursuant to [Bankruptcy Rule] 9011" (again, an argument we cannot consider as it was not raised below).

Accordingly, we GRANT Appellees' motion for sanctions against Appellant and deny the motion for sanctions against Appellant's counsel individually. We award nominal damages of $1 and double costs to Appellees.

\*     \*     \*

The judgment of the district court is AFFIRMED and Appellees' Motion for Sanctions is GRANTED IN PART.