# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2020

Lyle W. Cayce
Clerk

No. 20-20003
Summary Calendar

Angela C. Salinas,

*Plaintiff—Appellant*,

*versus*

McDavid Houston-Niss, L.L.C., *doing business as* McDavid Nissan,

*Intervenor—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2772

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Angela C. Salinas appeals an order of the district court confirming an arbitral award in favor of a dealership, McDavid Nissan ("McDavid"), from which Salinas purchased a vehicle. She also requests that we deny a motion

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20003

for sanctions filed by McDavid and Asbury Automotive Group ("Asbury"), which is the parent company of McDavid, in the district court against Salinas. McDavid counters that we should award it damages and costs associated with this appeal. For the reasons that follow, we affirm the confirmation of the arbitral award and deny the parties' other requests for relief.

## I. FACTS & PROCEDURAL HISTORY

On September 29, 2017, Salinas purchased a 2015 Mercedes-Benz E350 from McDavid. To purchase the vehicle, which cost $31,944.06, Salinas put $10,000 down and applied for $22,326 in financing from Ally Financial ("Ally")[1] to cover the remainder of the sales price. The contract for sale, which Salinas signed, required her to keep the car insured against property damage in the amount that she still owed on the car.

Three days after purchasing the car, Salinas collided with another vehicle, which totaled the Mercedes-Benz. Salinas, however, had not insured the vehicle against property damage. She claimed that McDavid represented to her that it would insure her vehicle. McDavid contended that the contract required Salinas to maintain insurance on the car and that she represented to the dealership that she would insure the vehicle.

Asserting claims for breach of contract and violations of the Texas Deceptive Trade Practices Act ("DTPA"), Salinas sought recoupment from McDavid of her $10,000 down payment under an arbitration provision in the sales contract. She also sought $15,000 in vehicle replacement fees, attorney's fees, arbitration costs, interest, and punitive damages. Before arbitrating her claims, Salinas moved to amend her complaint so that she could join Asbury and Ally as parties to the arbitration. After the arbitrator

---

[1] Asbury and Ally are defendants in the lower-court action but are not subjects of this appeal.

denied her request to join Asbury and Ally, Salinas sued them in federal court for violations of the DTPA; the Sarbanes-Oxley Act, the Consumer Credit Protection Act, and the Equal Credit Opportunity Act.

While the federal suit was pending, Salinas proceeded to arbitrate against McDavid. After conducting an evidentiary hearing, the arbitrator ruled on October 18, 2019 in favor of McDavid. She awarded McDavid $14,569.06, which equated to the purchase price of the Mercedes-Benz less Salinas's down payment and $7,375 that McDavid received for the car in salvage value. The arbitrator also awarded McDavid $20,728.50 in attorney's fees and costs, along with pre-judgment and post-judgment interest.

Later that day, McDavid moved to intervene in Salinas's lawsuit against Asbury and Ally to confirm the arbitral award. In response, Salinas moved to vacate the award. The district court granted McDavid's motion to intervene and confirmed the arbitral award. Salinas timely appealed.

## II. STANDARD OF REVIEW

A district court's order confirming an arbitral award is reviewed de novo. *PoolRe Ins. Corp. v. Org. Strategies, Inc.*, 783 F.3d 256, 262 (5th Cir. 2015). However, our review of the underlying arbitral award is "exceedingly deferential." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012). "This court must sustain an arbitral award even if we disagree with the arbitrator's interpretation of the underlying contract as long as the arbitrator's decision draws its essence from the contract." *Kemper Corp. Servs., Inc. v. Computer Scis. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020). In other words, "the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Id.* (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)). While "we 'grant arbitrators considerable leeway when reviewing most arbitration decisions,' we do not 'give *extra* leeway to

No. 20-20003

district courts that uphold arbitrators.'" *Vantage Deepwater Co. v. Petrobras Am., Inc.*, 966 F.3d 361, 368 (5th Cir. 2020) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 948 (1995) (emphasis in original)).

## III. DISCUSSION

### A. Motion to Intervene

As an initial matter, Salinas argues that the district court abused its discretion in allowing McDavid to intervene in her lawsuit against Asbury and Ally. At the district-court level, Salinas did not oppose McDavid's motion to intervene. Rather, she simply moved to vacate the arbitral award issued in favor of McDavid. "It is well settled in this circuit that the scope of appellate review . . . is limited to matters presented to the district court." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005). Therefore, Salinas's argument is waived. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").

### B. Arbitral Award

Salinas next argues that the district court erred in "penalizing" her by confirming the arbitral award before providing Salinas an opportunity to appeal it to an arbitration panel. Salinas, however, had no right to such an appeal. The American Arbitration Association ("AAA"), which conducted the arbitration, does not allow for an appeal of an arbitrator's award to an arbitration panel when the contract providing for arbitration does not provide for the right to appeal. AAA, *Optional Appellate Arbitration Rules*, https://www.adr.org/sites/default/files/AAA-ICDR_Optional_Appellate_Arbitration_Rules.pdf, at 3–5. Since the sales contract did not provide for the right to appeal to an arbitration panel, Salinas's only recourse was to appeal the award to a district court under the Federal Arbitration Act ("FAA").

As to the merits of the award, Salinas argues that the arbitrator exceeded her authority by (1) denying Salinas's request to join Asbury and Ally in the arbitration; (2) awarding McDavid attorney's fees; and (3) misconstruing evidence in the record. "In light of the strong federal policy favoring arbitration, '[j]udicial review of an arbitration award is extraordinarily narrow.'" *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (alteration in original) (quoting *Gulf Coast Indus. Workers Union v. Exxon Co.*, 70 F.3d 847, 850 (5th Cir. 1995)). "An [arbitral] award may not be set aside for a mere mistake of fact or law." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)). "Section 10 of the [FAA] . . . provides the only grounds upon which a reviewing court may vacate an arbitrative award." *Id.* (internal quotation marks omitted). That section "provides, among other grounds, that a district court 'may make an order vacating [an arbitration] award upon the application of any party to the arbitration . . . where the arbitrator[] exceeded [her] power[], or so imperfectly executed [it] that a mutual, final, and definite award upon the subject matter submitted was not made.'" *McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 211 (5th Cir. 2016) (quoting 9 U.S.C. § 10(a)(4)). "An arbitrator has not exceeded [her] power[] unless [s]he has utterly contorted . . . the essence of the contract." *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802–03 (5th Cir. 2013). "A reviewing court examining whether arbitrator[] exceeded [her] power[] must resolve all doubts in favor of arbitration." *Rain CII Carbon*, 674 F.3d at 472. Consequently, "[a] party seeking vacatur of an arbitral award under Section 10(a)(4) 'bears a heavy burden.'" *Kemper*, 946 F.3d 817 at 822 (quoting *Oxford*, 569 U.S. at 569).

To begin, Salinas has "forfeited" her argument that the arbitrator exceeded her authority by failing to join Asbury and Ally in the arbitration

since Salinas did not raise that issue in her opening brief. *See United States v. Bowen*, 818 F.3d 179, 192 n.8 (5th Cir. 2016).[2]

With respect to Salinas's argument that the arbitrator exceeded her power in awarding McDavid attorney's fees, we do not find it persuasive. Salinas asserts that the sales contract entitles McDavid to attorney's fees only if the arbitrator finds that any of Salinas's claims were frivolous. Salinas, however, has misread the contract. The arbitration provision states, "Each party shall be responsible for its own attorney['s] . . . fees, unless awarded by the arbitrator under applicable law." The arbitrator awarded McDavid attorney's fees pursuant to the Texas Civil Practice and Remedies Code, which allows the prevailing party to recover reasonable attorney's fees for claims asserted in contract. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001; *Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 236 (5th Cir. 2018) ("Texas law . . . provides for an award of reasonable fees in contract actions. This fee[] award is mandatory for the prevailing party in a breach-of-contract action, who presents proof of reasonable fees." (internal citations omitted)). Salinas does not argue the arbitrator awarded an unreasonable amount of attorney's fees. Rather, she relies on *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 94–95 (2000) (Ginsburg, J., dissenting) for the proposition that an arbitrator cannot award attorney's fees when those fees are not specified in the arbitration provision. Even putting aside the fact that Salinas has not relied on a controlling statement of law, or that the cited portion of *Randolph* does not clearly stand for this proposition, the sales contract clearly specifies who is responsible for attorney's fees.

---

[2] Furthermore, the record is devoid of any order from the arbitrator denying Salinas's request to join Asbury and Ally. Thus, "even if we were to address" Salinas's argument, "the evidence in the record is insufficient to allow us to decide the issue." *See Lopez v. Reich*, 81 F.3d 157 (5th Cir. 1996).

No. 20-20003

Regarding Salinas's argument that the arbitrator misconstrued evidence in the record, Salinas first contends that the arbitrator misapplied "the applicable statute of limitations," but she does not specify to which claim the arbitrator misapplied the limitations period or how the arbitrator erred on this issue. Salinas next maintains that the arbitrator exceeded her authority in concluding that Salinas had breached the sales contract with McDavid because that conclusion was not supported by evidence. But Salinas unequivocally testified that she breached the sales contract:

> Q: Do you agree that you breached both the retail installment sales contract and the agreement to provide insurance as written?
>
> A: Yes.

That Salinas may have believed the sales contract was with Ally instead of McDavid does not warrant a different conclusion. "Under Texas law, a unilateral mistake is generally insufficient to warrant setting aside a contract unless the mistake is induced by acts of the other party." *Lagniappe Lighting, Inc. v. Bevolo Gas & Elec. Lights, Inc.*, No. 11-CV-4538, 2013 WL 3816591, at *9 (S.D. Tex. July 22, 2013) (citing, inter alia, *Seymour v. Am. Engine & Grinding Co.*, 956 S.W.2d 49, 58 (Tex. App.-Hous. [14th Dist.] 1996, pet. denied)). "[T]he mistake must have been made regardless of the exercise of ordinary care." *Id.* (citing *Welkener v. Welkener*, 71 S.W.3d 364, 366 (Tex. App.-Corpus Christi [13th Dist.] 2001, no pet.)). Salinas has not provided any evidence that McDavid induced her to believe that the contract was executed with Ally instead, and the contract clearly stipulates that the agreement was between Salinas and McDavid.

Finally, Salinas asserts that the "[a]rbitrator ignored testimony that McDavid did not follow the contract provisions regarding recovery of the vehicle." But Salinas does not identify what that testimony entailed, which clause of the sales contract was breached, or how the arbitrator's decision to

disregard the purported testimony amounted to an abuse of the arbitrator's authority.

In sum, we do not conclude that the district court erred in confirming the arbitral award.

### C. The Parties' Remaining Requests for Relief

McDavid and Asbury have moved for sanctions against Salinas's counsel for violating Federal Rule of Civil Procedure 11. Salinas asks us to deny that motion, but we decline to do so since the motion remains pending in the district court and so "any ruling on sanctions . . . would be premature." *See Lewis v. Sch. Dist. #70*, 648 F.3d 484, 489 (7th Cir. 2011).

Finally, McDavid requests that we, under Federal Rule of Appellate Procedure 38, award it damages and costs associated with this appeal. The court may award "just damages and double costs to the appellee" if we determine that an appeal is frivolous. Fed. R. App. P. 38. Though Salinas's "chances of success on appeal were slim, [her] appeal is not so wholly without legal merit that Rule 38 sanctions are warranted." *See Marceaux v. Lafayette City-Par. Consol. Gov't*, 614 F. App'x 705, 711 (5th Cir. 2015).

## IV. CONCLUSION

The judgment of the district court is AFFIRMED. The parties' other requests for relief are DENIED.