In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-8030

PETER METROU, Trustee of the Bankruptcy Estate of David Matichak,

*Plaintiff-Appellant*,

*v.*

M.A. MORTENSON COMPANY and SCHUFF STEEL COMPANY,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 9187 — **George M. Marovich**, *Judge*.

SUBMITTED MARCH 2, 2015 — DECIDED MARCH 23, 2015

Before FLAUM, EASTERBROOK, and WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. David Matichak was injured at work in August 2009 and filed a workers' compensation claim. Matichak and his wife filed a bankruptcy petition under Chapter 7 in September 2010; he disclosed the workers' compensation claim on his schedule of assets and valued it

at $7,500. The bankruptcy court discharged the Matichaks' debts that December.

About a year after the discharge, Matichak filed a tort suit against two firms that, he maintained, had contributed to his injury. The suit sought substantial damages. Defendants asked the district judge for summary judgment, observing that Matichak had not listed any tort claim on his schedule of assets in the bankruptcy. That omission bars Matichak from prosecuting the suit, for the claim belongs to the Trustee while the bankruptcy case is open. See, e.g., *Biesek v. Soo Line R.R.*, 440 F.3d 410 (7th Cir. 2006). We added in *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), that a debtor is judicially estopped from litigating after the bankruptcy ends; having told the bankruptcy court implicitly that any tort claim had no value, and having received a discharge in response, the debtor is estopped from contending in a later suit that the claim is valuable. See also, e.g., *Spaine v. Community Contacts, Inc.*, 756 F.3d 542 (7th Cir. 2014).

In response to the defense motion, Matichak notified the Trustee, who reopened the bankruptcy and moved to replace Matichak as the plaintiff in the tort suit. This is the approach we had contemplated in *Biesek* as the appropriate way to deal with a legal asset omitted from bankruptcy schedules. The district court allowed the substitution but then ruled, in response to a further motion by the defendants, that the Trustee's recovery could not exceed the value of the debts that had not been paid in 2010. In other words, the district judge concluded that, although Matichak's creditors may benefit from the tort suit, Matichak himself cannot.

The Trustee asked the district judge to certify that ruling for an interlocutory appeal under 28 U.S.C. §1292(b). The

judge did so, but the initial order omitted the findings required by that statute. (Section 1292(b) permits an appeal only if the district judge finds, "in writing", that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation".) In response to a reminder, the judge entered a proper certification. Within ten days the Trustee filed a motion asking for our permission to appeal. Defendants maintain that the request is jurisdictionally late, but Fed. R. App. P. 5(a)(3) provides that, when a district judge's initial order lacks essential findings, the time runs from entry of a revised order containing them. See also *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990).

The application for our permission to appeal therefore is timely, and we grant permission. The district court's ruling reduces the stakes to a level at which it would not be worthwhile financially for the Trustee to pursue the claim. On the assumption (which we must indulge) that the tort claim is valid, cutting the maximum recovery to the amount of Matichak's unpaid debts in 2010 would injure the creditors even though the district judge's target was Matichak himself. Moreover, the question the district judge identified as appropriate for review is one on which there is no appellate precedent in any circuit.

The district judge did not find that Matichak deliberately hid the tort claim from his creditors in 2010. True, he did not list a tort claim among his assets, but he maintains that this was because he thought that the workers' compensation claim (which he did list) was his only potential source of compensation. Not until after the bankruptcy had ended did

his lawyers tell him that he might be able to recover in tort from someone other than his employer. Or so he says. The district judge did not hold an evidentiary hearing on the subject, and we therefore must assume that Matichak is telling the truth.

The district judge devised a categorical rule that made it unnecessary to decide whether Matichak was trying to deceive his creditors. According to the judge, a debtor's ability to reopen the bankruptcy and turn the claim over to the Trustee expires the moment defendants in a later suit discover its omission from the bankruptcy schedules and assert judicial estoppel. Otherwise, the judge wrote, debtors would be encouraged to conceal their assets from creditors, because sometimes (when the defendants missed the problem) they would cut out the creditors, and if the defendants did see the problem the debtors would be no worse off than if they had made a timely disclosure during the bankruptcy. The question the judge certified under §1292(b) is whether the right to turn the *whole* tort claim over to the Trustee in bankruptcy expires as soon as defendants in the tort suit discover the omission from the bankruptcy schedules. (Although we speak here, and throughout, of a tort claim, the legal issue is the same for all kinds of claims, be they tort, contract, employment discrimination, or anything else.)

Debtors could gain from hiding choses in action only if defendants in later suits rarely inquire whether the plaintiff passed through bankruptcy between the time the claim arose and the litigation about that claim. If defendants ask routinely about bankruptcy, as they have a powerful incentive to do, then the omission will come to light. Some omissions will be culpable and should be punished, if that can be done

without injuring the creditors too. But other omissions will be innocent—based on poor communication between bankruptcy counsel and tort counsel, or based on a belief that the tort claim will not be valuable—and should not be punished. Matichak contends that his omission is among the innocent ones, and the district court did not find otherwise. Instead the district court adopted an approach that throws out *all* claims omitted from bankruptcy forms, whether or not the omission was culpable—and even if that will injure the creditors too, by reducing the stakes to the point where the suit must be abandoned as having a negative value (net of legal expenses).

*Biesek* concludes that principles of judicial estoppel must not be applied in a way that injures innocent creditors as well as culpable debtors. We now add, what should have been apparent, that debtors who make innocent errors should not be punished by loss of their choses in action when they turn the claims over to the Trustees. When as in *Cannon-Stokes* a debtor stubbornly tries to cut out the creditors, then the claim is gone forever. But a debtor who errs in good faith, and tries to set things right by surrendering the asset to the Trustee, remains entitled to any surplus after creditors have been paid, just as would have occurred had the claim been disclosed on the bankruptcy schedules.

The Trustee is entitled to pursue this litigation as an asset of the estate in bankruptcy. Whether or not Matichak should have disclosed the claim in the bankruptcy does not matter to a suit maintained by the Trustee, who is not even arguably culpable for any misconduct. Reducing the stakes in the tort suit could injure the creditors along with the debtor.

Whether Matichak tried to hide the claim in the bankruptcy is a question more appropriately addressed to the bankruptcy judge, who can decide (if the Trustee prevails in this tort suit) what disposition to make of any proceeds that remain after paying counsel and the creditors. Allowing the tort suit to proceed without a damages cap will ensure that the creditors receive their due—for the full stakes will allow the Trustee to hire counsel to take the suit on a contingent fee. If it turns out that Matichak was trying to deceive his creditors, the bankruptcy judge may decide to give the creditors a bonus, or perhaps to return any excess to the defendants in this tort suit. Either way, the creditors will escape injury at Matichak's hands because it will remain economically feasible to prosecute the tort suit.

The application for leave to appeal is granted, and the district court's decision is reversed. (The papers filed in connection with the application, supplemented at our request by memoranda addressing two additional questions, make further briefs unnecessary.) The case is remanded for proceedings consistent with this opinion.