In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1162

IN RE: ROBERT SOBCZAK-SLOMCZEWSKI,

*Debtor-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 7297 — **Edmond E. Chang**, *Judge*.

SUBMITTED DECEMBER 4, 2015 — DECIDED JUNE 13, 2016

Before RIPPLE, ROVNER, and WILLIAMS, *Circuit Judges*.

PER CURIAM. Debtor Robert Sobsczak-Slomczewski appeals the district court's dismissal of his untimely appeal from a bankruptcy court's order. The district court determined that he failed to file his notice of appeal within the 14-day period required by FED. R. BANKR. P. 8002(a)(1) and dismissed the appeal for lack of jurisdiction. Because the district court did not err, we affirm.

Sobsczak-Slomczewski was the president and owner of Dells Hospitality, Inc., which borrowed approximately $12,600,000 from Bear Stearns Commercial Mortgage, Inc., to purchase the Hilton Garden Inn in Lake Delton, Wisconsin.

Sobsczak-Slomczewski agreed to indemnify Bear Sterns against any and all losses arising out of certain actions including fraud, misrepresentation, misapplication, and conversion. Bear Stearns sold the loan to Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1, a grantor trust of which U.S. Bank National Association is Trustee, who subsequently reassigned the loan to a Delaware limited liability company called WDH, LLC.

Dells Hospitality defaulted on the loan and Maiden Lane filed an action in Wisconsin state court seeking foreclosure. Around this time Sobsczak-Slomczewski directed the hotel's independent management company to transfer $677,000 to a corporate entity he owned and controlled. After a foreclosure sale was held, WDH amended the complaint to add claims against Sobsczak-Slomczewski for theft and conversion. Sobsczak-Slomczewski removed the claims to the Western District of Wisconsin, and the district court found that Sobsczak-Slomczewski had converted and embezzled the $677,000.

Sobsczak-Slomczewski then petitioned for bankruptcy in the Northern District of Illinois, and WDH filed an adversary proceeding seeking to have the $677,000 debt found non-dischargeable. On August 5, 2014, the bankruptcy court granted summary judgment to WDH. The court concluded that the $677,000 debt owed by Sobsczak-Slomczewski was not dischargeable in his Chapter 7 bankruptcy petition because the elements necessary to find the debt non-dischargeable under 11 U.S.C. § 523(a)(4) and (a)(6) already had been litigated and proven in the Wisconsin federal court proceedings.

Sobsczak-Slomczewski filed a notice of appeal on August 20, 15 days after the bankruptcy court entered its order. WDH then moved to dismiss the appeal as untimely.

The district court agreed with WDH that the appeal was untimely, granted the motion to dismiss, and concluded that Rule 8002(a)'s 14-day deadline was jurisdictional. The court acknowledged that not all notice-of-appeal deadlines should be "unquestioningly accept[ed]" as jurisdictional, especially in light of recent Supreme Court cases that sought to distinguish genuinely jurisdictional deadlines from those that do not actually strip a court of jurisdiction, and rather are merely claim-processing rules. *See Bowles v. Russell*, 551 U.S. 205, 208–13 (2007); *Kontrick v. Ryan*, 540 U.S. 443, 452–53, 456 (2004). Observing that deadlines set by statute generally are jurisdictional and those set by court-authored rules are not, the court accepted the analysis of three other circuits that recently characterized Rule 8002(a)'s 14-day deadline as jurisdictional because it is rooted in a statute, 28 U.S.C. § 158(c)(2), s*ee In re Berman-Smith*, 737 F.3d 997, 1002–03 (5th Cir. 2013); *In re Caterbone*, 640 F.3d 108, 111–12, 113 n.5 (3d Cir. 2011); *In re Latture*, 605 F.3d 830, 836–37 (10th Cir. 2010). In response to Sobsczak-Slomczewski's assertion that he did not receive notice of the bankruptcy court's order until the day of the deadline, August 19, the court explained that there are no equitable exceptions to a mandatory jurisdictional rule, and the bankruptcy court had not granted any extension of the time to appeal.

On appeal Sobsczak-Slomczewski argues that in light of *Kontrick* and *Bowles*, the district court wrongly concluded that Rule 8002(a)'s 14-day period for filing a notice of appeal is mandatory and jurisdictional. He reads *Kontrick*, 540 U.S. at

452–53, 456, as standing for the proposition that federal jurisdiction can be created or withdrawn only by an act of Congress and not the Federal Bankruptcy Rules. He also cites *Bowles* for the proposition that in order for a time limit found in a rule to be jurisdictional, it must be specified in an underlying statute. *See* 551 U.S. at 208–13 (citing 28 U.S.C. § 2107(c); FED. R. APP. P. 4(a)(6)). Sobsczak-Slomczewski maintains that Rule 8002(a)'s deadline is a claim-processing rule promulgated by the courts rather than one rooted in a statute that bars jurisdiction.

Congress confers jurisdiction on district courts to hear appeals from final orders of a bankruptcy court "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy rules." 28 U.S.C. § 158(a)(1), (c)(2). Federal Rule of Bankruptcy Procedure 8002(a) provides that the notice of appeal must be filed within 14 days of the date of entry of the judgment or order being appealed.[1] We have previously stated without elaboration that the 14-day limit in Rule 8002(a) is jurisdictional. *See, e.g.*, *In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006); *In re Bond*, 254 F.3d 669, 673 (7th Cir. 2001); *Stelpflug v. Fed. Land Bank of St. Paul*, 790 F.2d 47, 48–49 (7th Cir. 1986).

The Supreme Court's more recent pronouncements in *Kontrick* and *Bowles*, however, require us to re-evaluate whether the 14-day time limit to file a notice of appeal in Rule 8002(a) is jurisdictional. Jurisdiction may be withdrawn only

---

[1] "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1).

if Congress has stated clearly its intent to deprive a court of jurisdiction either by explicit statutory command or by mandating that jurisdiction be deprived by rule of court. *See Kontrick*, 540 U.S. at 452–54; *Bowles*, 551 U.S. at 209–13. In *Kontrick* the Court concluded that the time limits found in Bankruptcy Rules 4004 and 9006(b)(3) are not jurisdictional because these limits were prescribed by the Bankruptcy Rules, while the statutory provision conferring jurisdiction over objections to discharge contained no timeliness conditions. *Kontrick*, 540 U.S. at 452–53 (citing 28 U.S.C. § 157(b)). In *Bowles* the Court reaffirmed the jurisdictional nature of statutory time constraints when it concluded that a reopened time period for filing a notice of appeal under FED. R. APP. P. 4(a)(6) was jurisdictional because the time limit was set forth in 28 U.S.C. § 2107(c). *Bowles*, 551 U.S. at 210–12.

We have not had occasion to determine whether Rule 8002(a)'s time limit is jurisdictional in light of *Kontrick* and *Bowles*. But three other circuits have done so and concluded that it is, while no circuit has found to the contrary. *See In re Berman-Smith*, 737 F.3d at 1002–03; *In re Caterbone*, 640 F.3d at 111–12, 113 n.5; *In re Latture*, 605 F.3d at 836–37. According to those decisions, the 14-day deadline to file a notice of appeal is rooted in the jurisdiction granting statute, 28 U.S.C. § 158, that expressly includes a timeliness condition—a notice of appeal must be filed in the time provided by Rule 8002. *See In re Berman-Smith*, 737 F.3d at 1001–02; *In re Caterbone*, 640 F.3d at 111–12; *In re Latture*, 605 F.3d at 836–37.

We find these courts' analysis persuasive and agree that the 14-day time limit to file notice of appeal of the bankruptcy court's judgment or order is jurisdictional. While the specific time period is found in a bankruptcy rule, the statutory grant

of jurisdiction in 28 U.S.C. § 158 limits appeals to those made in the time limits prescribed in Rule 8002(a). Rule 8002(a)'s time limit therefore is more analogous to the one found in FED. R. APP. P. 4(a)(6) and 28 U.S.C. § 2107 than the time limits found solely in Bankruptcy Rules 4004 and 9006(b)(3). Accordingly, the failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal.

Sobsczak-Slomczewski also reiterates that his late filing should be excused because he did not receive the order in the mail until the day of the deadline. He points to Bankruptcy Rule 8002(d)(1), but that rule allows the *bankruptcy court* to extend the time to appeal due to excusable neglect upon a motion filed within 21 days after the 14-day period has expired. *See* FED. R. BANKR. P. 8002(d)(1). As the district court correctly noted, there are no equitable exceptions to a jurisdictional requirement, *see Bowles*, 551 U.S. at 213, and Sobsczak-Slomczewski did not timely seek additional time from the bankruptcy court, so we have no jurisdiction to consider such a request. *See In re Williams*, 216 F.3d 1295, 1297 (11th Cir. 2000); *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997).

Because Sobsczak-Slomczewski did not file a notice of appeal within the 14-day limit, the district court never obtained jurisdiction over the bankruptcy court's order.

**AFFIRMED**