In the

# United States Court of Appeals

### For the Seventh Circuit

_____

Nos. 16-3236 & 16-3713

RANDY JOSEPH NETZER,

*Plaintiff-Appellant,*

*v.*

OFFICE OF LAWYER REGULATION and MATTHEW F. ANICH,

*Defendants-Appellees.*

_____

Appeals from the United States District Court
for the Western District of Wisconsin.
No. 16-cv-175-wmc — **William M. Conley**, *Chief Judge.*

_____

SUBMITTED MARCH 8, 2017 — DECIDED MARCH 13, 2017

_____

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Randy Netzer, a debtor in bankruptcy, asked the court to discharge a debt to Wisconsin's Office of Lawyer Regulation. Bankruptcy Judge Furay concluded in this adversary proceeding that the approximately $9,200 the Supreme Court of Wisconsin imposed as costs in a disciplinary proceeding against a member of the state's bar is a "fine, penalty, or forfeiture" under 11 U.S.C.

§523(a)(7) and therefore is not dischargeable. 545 B.R. 254 (Bankr. W.D. Wis. 2016).

The bankruptcy court entered its decision on February 3, 2016, and Netzer had 14 days to appeal. Fed. R. Bankr. P. 8002(a)(1). He took 41, filing a notice on March 15. He asked the district judge to excuse his tardiness, contending that until a few days earlier he had not known of the bankruptcy court's decision. But the district court dismissed the appeal as untimely. 2016 U.S. Dist. LEXIS 84260 (W.D. Wis. June 29, 2016), reconsideration denied, 2016 U.S. Dist. LEXIS 129476 (Sept. 22, 2016). The judge stated that he lacks authority to extend the time on equitable grounds, because the 14-day period is jurisdictional.

*In re Sobczak-Slomczewski*, 826 F.3d 429 (7th Cir. 2016), holds that the 14-day period in Rule 8002(a)(1) is jurisdictional, and *Bowles v. Russell*, 551 U.S. 205, 213–14 (2007), holds that there cannot be equitable exceptions to jurisdictional rules. The grant of review in *Hamer v. Neighborhood Housing Services of Chicago*, 835 F.3d 761 (7th Cir. 2016), cert. granted, No. 16–658 (U.S. Feb. 27, 2017), which poses the question whether Fed. R. App. P. 4(a)(5)(C) sets a jurisdictional time limit, suggests that the Supreme Court may soon decide how far rules about the times for appeal, as opposed to statutory limits, can affect a court's jurisdiction. See also *Kontrick v. Ryan*, 540 U.S. 443 (2004) (time limit in Fed. R. Bankr. P. 4004 is not jurisdictional); *Eberhart v. United States*, 546 U.S. 12 (2005) (time limit in Fed. R. Crim. P. 33(a) is not jurisdictional); *United States v. Neff*, 598 F.3d 320 (7th Cir. 2010) (time limit in Fed. R. App. P. 4(b) is not jurisdictional).

We need not hold these appeals for *Hamer*, however, or revisit the issue resolved in *Sobczak-Slomczewski*. For whether

or not a given rule is "jurisdictional" it is still a rule, and when invoked it must be enforced. Appellees have claimed the benefit of the 14-day limit for bankruptcy appeals. Bankruptcy Rule 9022(a), which requires bankruptcy courts to notify litigants of judicial orders, also provides: "Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." This takes us to Rule 8002(d), which specifies the conditions under which a bankruptcy judge may extend the time for appeal. Rule 8002(d)(1) permits a bankruptcy judge to allow a belated appeal if application is made within 35 days after the order's entry. Netzer missed that deadline—and, even if he had asked in time, still the power to decide would have belonged to the bankruptcy judge, not to the district judge or the court of appeals.

Courts lack an "equitable" power to contradict the bankruptcy statutes and rules. *Law v. Siegel*, 134 S. Ct. 1188 (2014); *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004). Rule 9022(a) says that lack of notice authorizes additional time only to the extent allowed by Rule 8002, and Rule 8002(d)(1) sets a limit of 35 days from the decision for such a request to be made. Those rules promote expeditious resolution of bankruptcy appeals. Litigants have only to check the court's electronic docket once a month in order to protect their interests; this step will ensure that, even if notice miscarries, a request for additional time can be made within the 35 days allowed by Rule 8002(d)(1).

AFFIRMED