**Aman Deep SINGH, Creditor-Appellant,**

v.

**Syed Taqi SHAH and Syeda J. Akhtar, Debtors-Appellees.**

**No. 16-3750**

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2017 *

Decided June 16, 2017

Rehearing Denied July 10, 2017

Robert M. Waud, Attorney, Esserlaw LLC, Milwaukee, WI, for Debtors-Appellees

Aman Singh, Pro Se

Before JOEL M. FLAUM, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge

**ORDER**

Aman Singh, a former creditor of Syed Shah and Syeda Akhtar, did not timely appeal after the bankruptcy court rebuffed his latest effort to reopen the couple's 2008 bankruptcy case. In this court he challenges only the bankruptcy court's refusal to extend his time to appeal to the district court. We affirm the district court's judg-

ment upholding the bankruptcy court's disallowance of an extension.

The events underlying this appeal began more than thirty years ago, when Singh obtained a $300,000 judgment against Shah for the wrongful death of Singh's father. (Two of Singh's relatives obtained similar judgments, but Singh is the only creditor relevant to this appeal.) In 2004 Shah and his wife Syeda Akhtar petitioned for bankruptcy under Chapter 13. The bankruptcy court dismissed the case within a few months for failure to prosecute. Four years later Shah and Akhtar again petitioned for bankruptcy—this time under Chapter 7. Their petition listed Singh as a creditor, but Singh did not timely initiate an adversary proceeding to establish the nondischargeability of the wrongful-death judgment. In September 2008 the bankruptcy court discharged the couple's debts and closed the case.

A month after the discharge, Singh moved to reopen the bankruptcy so he could bring an adversary proceeding against Shah and Akhtar. He explained that he did not participate in the bankruptcy case sooner because he was out of town for several months when various notices about the proceedings were mailed to his home. The bankruptcy court declined to reopen the case, and Singh appealed to the district court, which eventually dismissed his appeal for lack of prosecution.

In July 2014, nearly six years after the bankruptcy court issued its discharge order, Singh moved to reopen the bankruptcy on the theory that the discharge order was void as to the wrongful-death judgment. He argued that since Shah and Akhtar's failure to prosecute their first bankruptcy case had caused that case to be

---

* The appellees have not responded to our invitation to participate in this appeal. We have agreed to decide this case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

dismissed, their debts were "forever non-dischargeable without any further action necessary" on the part of their creditors. The bankruptcy court was unconvinced, concluding that Singh's argument is contrary to 11 U.S.C. § 349(a), which states that "[u]nless the court, for cause, orders otherwise, the dismissal of a case ... does not bar the discharge, in a later case ..., of debts that were dischargeable in the case dismissed[.]" Singh then moved for reconsideration, which the bankruptcy court denied in March 2015.

More than seven months later, in October 2015, Singh moved the bankruptcy court to extend his time to appeal, explaining that he did not receive a copy of the court's order denying reconsideration for several months because the clerk's office inadvertently sent notice of the order to his former attorney instead of to him. Because Federal Rule of Bankruptcy Procedure 8002 authorizes bankruptcy courts to extend the time to appeal only up to 21 days past the initial 14 day deadline, Singh asked the court to vacate its previous order and enter an identical order to reset the deadline. He cited *Spika v. Village of Lombard*, which contemplates that district courts might use Federal Rule of Civil Procedure 60(b)(6) to reset the time to appeal for litigants who do not receive timely notice of a final order despite their exercise of "some diligence." 763 F.2d 282, 285–86 (7th Cir. 1985).

The bankruptcy court found that Singh had shown good cause for his delay but denied the motion, reasoning that the procedure for resetting an appellate deadline described in *Spika* cannot be reconciled with *Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), which holds that there cannot be equitable exceptions to jurisdictional mandates. And because this court has determined that the deadlines in the bankruptcy rules are, in fact, jurisdictional mandates, the bankruptcy court concluded that it lacked authority to extend Singh's time to appeal more than 21 days beyond the original 14-day deadline. *See* FED. R. BANKR. P. 8002(a)(1), (d); *id.* 9022(a); *Netzer v. Office of Lawyer Regulation*, 851 F.3d 647, 649 (7th Cir. 2017) (recognizing that "the 14-day period in Rule 8002(a)(1) is jurisdictional"); *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016) (same); *In re Schwartz*, 799 F.3d 760, 764–65 (7th Cir. 2015) (concluding that the 21-day deadline to seek an extension from the bankruptcy court "is jurisdictional so far as an appeal to the district court is concerned").

Singh appealed that decision to the district court, which agreed that the bankruptcy court lacked jurisdiction to extend his time to appeal.

Singh now appeals the district court's order upholding the denial of an extension. Yet Singh does not engage the district court's conclusion that his argument is foreclosed by *Bowles*. His failure to engage is reason, on its own, to affirm the judgment. *See* FED. R. APP. P. 28(a)(8); *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009).

We have considered whether we should reserve judgment in this appeal until the Court issues its decision in *Hamer v. Neighborhood Housing Services of Chicago*, 835 F.3d 761 (7th Cir. 2016), *cert. granted*, —— U.S. ——, 137 S.Ct. 1203, 197 L.Ed.2d 245 (2017). *Hamer* poses the question whether Federal Rule of Appellate Procedure 4(a)(5)(C) sets a jurisdictional time limit, and so the Court "may soon decide how far rules about the times for appeal, as opposed to statutory limits, can affect a court's jurisdiction." *Netzer*, 851 F.3d at 649.

But even if the Court's decision in *Hamer* eventually requires us to reconsider our position that the deadlines in Rule 8002 are jurisdictional mandates, there would be no point in remanding this case to the district court because we agree with the bankruptcy court's thorough explanation for why there is no arguable merit to Singh's motion to reopen. As the bankruptcy court observed, Singh's theory—that the dismissal of Shah and Akhtar's first bankruptcy case forever precluded the couple from seeking relief under the bankruptcy code—ignores 11 U.S.C. § 349(a), which, as noted, provides otherwise. Singh also has failed to take advantage of the proper procedures for contesting the nondischargeability of the wrongful-death judgment. First, he should have filed an adversary proceeding before the filing deadline. Then, if he had concerns about the manner in which the bankruptcy court handled the case, he should have fully litigated those concerns in a timely appeal to the district court. And if he later wanted to seek revocation of the discharge order, he should have done so within one year of the case's closure. *See* 11 U.S.C. § 727(e)(2). Thus, it would be frivolous for Singh to appeal the bankruptcy court's decision denying reconsideration of its denial of Singh's motion to reopen the long-closed bankruptcy case.

·AFFIRMED