**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019*
Decided June 21, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3523

| | |
|---|---|
| IN RE: MICHAEL FRANCIS and CARMEN J. FRANCIS, <br> *Debtors-Appellants*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:18-cv-00049-JRS-MJD <br><br> James R. Sweeney II, *Judge*. |

**O R D E R**

Michael and Carmen Francis challenge a decision of the district court to dismiss as untimely their appeal from a ruling of the bankruptcy court. Years ago, they filed for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701–784. One year after their bankruptcy case closed and their personal debts to mortgage creditors were discharged, they moved to reopen the case. They argued that, by seeking to foreclose on

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the mortgaged property, these creditors were violating the injunction on collecting against discharged debts. Citing the distinction between the discharge of personal debts in bankruptcy and the survival of a creditor's right to foreclose on mortgaged property, *see Johnson v. Home State Bank*, 501 U.S. 78, 82–83 (1991), the bankruptcy court denied their motion to reopen and their motion to reconsider. Thirty days later, they filed a notice of appeal to the district court. On a motion from the creditors, the district court dismissed that appeal because the Francises filed it after the appeal deadline—14 days from entry of the order denying the motion to reconsider. *See* FED. R. BANKR. P. 8002(a)(1); *In re Sobczak-Slomczewski*, 826 F.3d 429, 431–32 (7th Cir. 2016).

On appeal to this court, the Francises cannot prevail on a contention that the district court wrongly dismissed as untimely their appeal from the bankruptcy court. A party must file its notice of appeal from a bankruptcy court's decision within 14 days of that decision. FED. R. BANKR. P. 8002(a)(1). Because this rule "is rooted in the jurisdiction granting statute, 28 U.S.C. § 158," failure to file a timely appeal deprives the district court of jurisdiction. *In re Sobczak-Slomczewski*, 826 F.3d at 431–32. Neither the district court nor this court may bend the rules because of the Francises' pro se status; federal courts may not make equitable exceptions to jurisdictional requirements. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Because the Francises appealed after the 14-day deadline, the district court rightly dismissed their appeal.

A final matter: The creditors request that we initiate the process for sanctions against the Francises because the appeal is frivolous. *See* FED. R. APP. P. 38. We decline to do so. If a party desires sanctions, the Federal Rules of Appellate Procedure allow them to make a separate motion, which counsel has not filed. *See id.*; *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780–81 (7th Cir. 2012). As we said in *Hunt*, "[w]e see no need to take a step that [the appellee] could have taken, albeit subject to the caution that a groundless request for Rule 38 sanctions may itself be sanctionable."

AFFIRMED