**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2019[*]
Decided September 18, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1745

| | |
|---|---|
| EDWARD F. NOVOTNY, III, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13-cv-05881 |
| PLEXUS CORP., *et al.*, | |
| *Defendants-Appellees*. | Andrea R. Wood, |
| | *Judge*. |

## O R D E R

Edward Novotny sued Plexus Corporation for employment discrimination. During the litigation he also petitioned for chapter 7 bankruptcy, and his petition eventually was granted. But during summary-judgment proceedings in the discrimination case, it came to light that Novotny had not disclosed his discrimination claims to the bankruptcy judge. The district judge concluded that Novotny's omission

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

was intentional and entered summary judgment for Plexus on grounds that Novotny was judicially estopped from pursuing those undisclosed claims. We affirm.

Novotny worked for Plexus for four years before being fired. He then brought this suit against Plexus and one of its employees. The district judge granted the defendants' partial motion to dismiss Novotny's complaint but allowed him to proceed on his claims of age discrimination under the ADEA, 29 U.S.C. § 621 *et seq.*, and race discrimination under 42 U.S.C. § 1981—claims that he valued at more than $1.3 million.

Three years after filing this lawsuit, Novotny, with the help of counsel, petitioned for chapter 7 bankruptcy in the Northern District of Illinois. The petition required that he list all his assets, including any legal claims against third parties. Novotny disclosed a possible workers' compensation claim against another former employer, but he did not disclose his claims in his ongoing litigation against Plexus. The bankruptcy judge granted Novotny's petition, discharged his debts, and closed his case—all without Novotny ever having revealed this litigation.

During discovery, Novotny apparently concealed his bankruptcy history from Plexus. When asked in an interrogatory whether he had ever filed for bankruptcy, Novotny objected to the question, asserting that that information was privileged and not relevant to his lawsuit.

Once Plexus learned about the omission in Novotny's bankruptcy, it moved for summary judgment. Novotny lacked standing to sue, Plexus argued, because his discrimination claim should have been relinquished to the bankruptcy estate. Plexus argued alternatively that Novotny should be judicially estopped from recovering on the undisclosed claims and reaping the financial benefits of his concealment.

In response, Novotny moved to reopen his bankruptcy so that he could amend his disclosure of assets to add his discrimination claims from this lawsuit. The bankruptcy judge granted his request, and Novotny filed an amended Schedule A/B. The trustee for Novotny's bankruptcy estate eventually abandoned the added claims, and the bankruptcy judge closed the case again. Novotny then responded to Defendants' motion for summary judgment and informed the district judge of these developments.

Three months later Novotny attempted to reopen his bankruptcy a second time and convert it to a chapter 13 bankruptcy. He did not inform the district judge or Plexus of this attempt.

Meanwhile, the district judge entered summary judgment against Novotny. The judge concluded that Novotny did have standing to sue (because the trustee abandoned his claims, which then reverted to Novotny) but held that Novotny was judicially estopped from recovering on the undisclosed claims. She found that Novotny's omissions to the bankruptcy court were intentional and determined that he should not be permitted to personally benefit from adopting a position contrary to the one he took in his original petition. The judge added that Novotny's failure to convert his bankruptcy to the more creditor-friendly chapter 13 also supported the ruling.

A week later, the bankruptcy judge denied Novotny's conversion request.

On appeal from summary judgment, Novotny challenges the district judge's application of judicial estoppel. He contends that the district judge "failed to prove" that the omissions in his bankruptcy application were intentional; we understand him to argue that the record evidence does not support the district judge's finding.

The district judge did not abuse its discretion when it enforced judicial estoppel against Novotny. Where a plaintiff seeks to benefit from an intentional omission from an earlier bankruptcy proceeding, judicial estoppel is appropriate, so long as estoppel would not adversely affect a litigant's creditors. *See Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 360 (7th Cir. 2015). Here, the evidence supports the district judge's finding that Novotny's omission was intentional. First, Novotny was actively litigating this lawsuit at the time he filed for bankruptcy. Second, his petition listed a possible workers' compensation claim against a different employer—an acknowledgment that he understood the question and did not simply neglect to answer it. Third, when asked in an interrogatory whether he ever had filed for bankruptcy, Novotny dodged the question, saying that the information was privileged and "not pertaining to the case at hand." Finally, in response to Plexus's motion for summary judgment, Novotny said that he omitted his discrimination case from his petition because he "had no idea what his case was worth at the time of filing"—a demonstrably untrue statement, given his $1.3 million request for relief. "[J]udicial estoppel raises the cost of lying." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Novotny further asserts that judicial estoppel should have been foreclosed by his attempt to convert his bankruptcy from chapter 7 to chapter 13. He cites a district court case, *Lujano v. Town of Cicero*, No. 07 C 4822, 2012 WL 4499326, at *13 (N.D. Ill. Sept. 28, 2012), for the proposition that judicial estoppel is often inappropriate where a debtor's chapter 13 petition has been granted and the debtor is pursuing claims on behalf of the bankruptcy estate. But Novotny's motion to convert his bankruptcy to chapter 13 was *not* granted. Moreover, Novotny did not inform the district judge of his attempt to convert his bankruptcy until after summary judgment already had been entered, and district courts decide motions for summary judgment based on the record before them. *See* FED. R. CIV. P. 56(c)(3).

Novotny also asks us to review the bankruptcy judge's decision to deny his request to convert his bankruptcy. But we cannot entertain this request because we do not have jurisdiction over his bankruptcy proceedings. In bankruptcy cases, we have jurisdiction only over appeals from final decisions of the district court. *See* 28 U.S.C. § 158(d)(1); *In Matter of Ferguson*, 834 F.3d 795, 798 (7th Cir. 2016). Novotny never appealed his bankruptcy case to the district court, and it is now too late for him to do so. *See* FED. R. BANKR. P. 8002(a)(1); *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016).

AFFIRMED