NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2020[*]
Decided September 18, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1404

| | |
|---|---|
| JOAN PANSIER and ESTATE OF GARY PANSIER, <br> *Debtors-Appellants*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-1431 |
| UNITED STATES OF AMERICA, <br> *Creditor-Appellee*. | William C. Griesbach, <br> *Judge*. |

**O R D E R**

Joan Pansier challenges a district court's order affirming a bankruptcy court's denial of damages for an alleged violation of a stay on collecting debts. Because she and her husband Gary (who died several months ago) did not timely appeal the bankruptcy court's decision, we vacate the district court's judgment and remand with instructions to dismiss that appeal for lack of jurisdiction.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Gary and Joan Pansier wanted to appeal a bankruptcy court's ruling. They had filed for Chapter 7 bankruptcy in 2018, and the automatic stay associated with the filing prevented the Internal Revenue Service from levying a portion of Gary Pansier's pension to satisfy their tax liabilities. *See* 11 U.S.C. § 362(a). The bankruptcy court granted the United States' motion for relief from the stay. Although any order granting relief from an automatic stay is itself stayed for two weeks, *see* FED. R. BANKR. P. 4001(a)(3), just days after the court granted the motion the IRS issued a notice of levy to resume collecting the pension. In July 2019 the Pansiers moved for damages based on the notice of levy, *see* 11 U.S.C. § 362(k), and argued that the IRS had been collecting more from the pension than the bankruptcy court had permitted. The bankruptcy court denied relief on August 19, 2019. It ruled that, although the notice of levy violated the stay, the Pansiers had suffered no damages and the IRS had thereafter collected the proper monthly amounts from the pension. The Pansiers filed a notice of appeal on September 30, 2019—42 days later. The government did not argue that the appeal was untimely, and the district court affirmed the bankruptcy court's decision on the merits.

The United States now argues that the district court lacked jurisdiction to review the bankruptcy court's decision. We agree. A notice of appeal must be filed within 14 days of a bankruptcy order. The 14-day rule comes from Federal Rule of Bankruptcy Procedure 8002(a)(1) and implements the statutory directive from 28 U.S.C. § 158(a)(1). We held in *In re Sobczak-Slomczewski* that this 14-day appeal period is therefore jurisdictional and mandatory. 826 F.3d 429, 432 (7th Cir. 2016). The Pansiers filed their notice of appeal 28 days after the deadline, so the district court never possessed jurisdiction over the bankruptcy court's order. *See id.* Because the district court had no jurisdiction over the appeal, we must vacate its judgment and remand with instructions to dismiss. *See Defense Supplies Corp. v. Lawrence Warehouse Co.*, 336 U.S. 631, 639 (1949); *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 818 (7th Cir. 2014).

We add two final observations. First, we recognize that the government did not raise this jurisdictional defect in the district court and, consequently, that court believed that it had jurisdiction. But under the jurisdiction-granting statute, 28 U.S.C. § 158, failure to file a timely appeal deprives a district court of jurisdiction regardless of whether the parties raise the issue. *In re Sobczak-Slomczewski*, 826 F.3d at 431–32. Neither the district court nor this court can make equitable exceptions to jurisdictional requirements. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Second, Joan Pansier tells us that she wishes to represent her husband's estate in this matter. A non-lawyer may not, however, represent an estate (unless the non-lawyer is the sole beneficiary, a point that Joan does not clearly resolve for us). *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir.

2007). No matter; there is no mandatory priority among reasons not to reach the merits of a case. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Our decision about the untimeliness of the bankruptcy appeal renders any potential representational issue irrelevant.

We thus VACATE the judgment and REMAND to the district court to DISMISS the appeal from the bankruptcy court for lack of jurisdiction.