NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2021[*]
Decided October 25, 2021

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1687

| | |
|---|---|
| BAUDELAIRE K. ULYSSE,<br> *Plaintiff-Appellant*,<br><br>  *v.*<br><br>ELGIN COMMUNITY<br>COLLEGE, et al.,<br> *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 1:19-cv-7246<br><br>Charles R. Norgle,<br>*Judge*. |

## O R D E R

Baudelaire Ulysse, a black man from Haiti, accused his employer, Elgin Community College, of discrimination. The College moved to dismiss the case on three grounds, all of which the district court accepted: Ulysse lied in his application to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

proceed in forma pauperis, relinquished this claim to the bankruptcy trustee (and thus lacked standing) by earlier filing for bankruptcy, and is judicially estopped from suing because he failed to disclose this claim in his bankruptcy filings. Judicial estoppel alone justifies dismissal with prejudice, so we limit our discussion to that issue and affirm.

Ulysse sued the College (as well as several of its employees) in November 2019 and alleged that the College twice refused to hire him full-time because of his race, country of origin, and dark complexion. Months later, facing financial difficulties, Ulysse filed for Chapter 7 bankruptcy protection. He did not list this lawsuit, which he values at over $800,000, among his assets. In June 2020 his debts were discharged.

Because in his bankruptcy case Ulysse listed no claims against the College, and in this suit (filed shortly before the bankruptcy case) he alleges a claim, the district court properly ruled that he is judicially estopped from pursuing the claim. *See Canon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). A party may not benefit from taking contrary positions in two proceedings where one court has already relied on the first position, and a later court's acceptance of a contrary position would give the contrarian party an inequitable advantage. *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001). Ulysse listed no valuable legal claims when he filed for bankruptcy, but in this case he had already asserted that the College owes him over $800,000—a material inconsistency. The bankruptcy court relied on his contrary assertion when it discharged his debts. He thus deprived the bankruptcy trustee of the opportunity to pursue, on behalf of his creditors, this substantial claim, and now only he would benefit from it. As a result, the district court reasonably used judicial estoppel, an equitable doctrine, to prevent him from benefiting from his contrary positions and undermining the integrity of the judicial system. *See New Hampshire*, 532 U.S. at 749; *Canon-Stokes*, 453 F.3d at 448.

Ulysse insists that he did not mean to hide his assets, so his bankruptcy filings should not affect these proceedings. But even if the inconsistency was an honest mistake, the district court permissibly ruled that allowing him to proceed with this claim would be inequitable. After the College alerted him to his mistake in its motion to dismiss, he should have sought to reopen his bankruptcy and have the trustee take his place in this lawsuit on behalf of his creditors. *See Metrou v. Mortenson*, 781 F.3d 357, 358 (7th Cir. 2015). But he did not, so the district court reasonably invoked judicial estoppel.

AFFIRMED